(10 Misc. Rep. 36.)

## GOLDSMITH v. NEWWITTER.

### (City Court of New York, General Term. October 23, 1894.)

CUSTOM AND USAGE—EVIDENCE.

> In an action to recover for services in appraising diamonds, it is error to permit plaintiff to testify as to the usual compensation for such services, "according to the custom of jewelers and diamond business," where he had not laid the proper foundation for such testimony by proving the existence of the custom.

Appeal from trial term.

Action by Herman Goldsmith against Nathan J. Newwitter. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Hess, Townsend & McClelland, for appellant.

A. Rothschild, for respondent.

FITZSIMONS, J.   The plaintiff, a dealer in diamonds, was re-·quested by the defendant, in conjunction with two other persons, to appraise certain diamonds.   They did so, and presented their bills for the value of such service to defendant for payment, each one claiming 1 per cent. of the value of such appraised diamonds as the value of his services.   The claims of the other two appraisers were assigned to plaintiff, and this action embraces all such claims for services as were rendered by said three appraisers, and a judg-ment amounting to $446.39 was rendered in favor of the plaintiff. The plaintiff was required to prove upon the trial the value of the services rendered by himself and his colaborers, which he proceeded to do by answering the following question:   "Q.   What is the usual compensation allowed to appraisers who appraise goods, ac-cording to the custom of jewelers and the diamond business?" ·Counsel for the defendant objected to said question, upon the ground that the plaintiff had not laid the proper foundation for the ques-tion.   The objection was overruled, and exception duly taken.   The witness answered:   "A.   Always one per cent."   In my opinion it was error for the trial justice to overrule the defendant's objection to said question.   No question preceded said question which justified it.   To entitle plaintiff to have an answer to any such question, it was necessary for him to show that it was an habitual, general, well-established, and continued usage in his business to charge the fee which he claimed, so that all persons having to do with a transaction like the one herein sued upon might reasonably ·be said to have had knowledge of such usage, and thereby be bound by the same.   Such a usage is called a "custom."   The plaintiff ·made no attempt or offer to submit such evidence.   He merely gave his bold conclusion or opinion, as above related; and therefore it was proper for the defendant's counsel to make the .objection ·which he did.   It does not appear in evidence that the plaintiff ever ·before acted as an appraiser, or that he ever knew or heard of any ·other person having acted in such capacity, or that he ever heard from any person the fees or charges that were likely to be ·made for such services, for aught that the evidence discloses.   It must therefore be apparent that his opinion was not based upon his knowledge or experience, but is the mere expression of his notion of what he ought to receive for the services rendered by him-·self and the other appraisers.   For this error the judgment must be reversed, and a new trial ordered, with costs to the appellant to ·abide event.   All concur.