(22 Misc. Rep. 156.)

BOTANY WORSTED WORKS v. WENDT et al.

(Supreme Court, Trial Term, New York County. December 30, 1897.)

1. BROKERS—RETURN COMMISSIONS—CUSTOM OF TRADE.
    In an action to recover the proceeds of goods consigned to defendants as commission merchants, defendants are entitled to set up, as a counterclaim, commissions on goods taken away by plaintiff before sale, to cover the expense of handling, insuring, and storing the goods, such being the custom and usage of commission men, of which plaintiff had knowledge.

2. CUSTOM—WHEN PART OF CONTRACT.
    The usage of a particular business, when reasonable, uniform, well settled, not in opposition to fixed rules of law, or in contradiction of the express terms of the contract, is deemed to form a part of the contract, and to enter into the intention of the parties, where the custom is known to the parties, or to have been so generally known as to raise a presumption that they had it in mind at the time the contract was made.

Action by the Botany Worsted Works against Frederick B. Wendt and others. Judgment for plaintiff.

Briesen & Knauth, for plaintiff.
Chas. Wehle, for defendants.

McADAM, J. The plaintiff, a manufacturer, consigned a quantity of goods to the defendants, as commission merchants, for sale. The action is to recover $1,067.26 as a balance of proceeds unaccounted for. The defendants set up a counterclaim for "return com-

missions,"—a phrase which in the trade means that, on goods taken away by a consignor before sale, the consignee receives an equitable allowance to cover the expense of handling, insuring, and storing the goods while in his charge. The consignees in this instance handled, insured, and stored the goods, and the action of the consignor in recalling the goods and revoking the authority to dispose of them deprived the consignees of an opportunity to reimburse themselves by the agreed commission of 8 per cent. on a sale of the property. It appears that a like claim for return commissions was made by the defendants in regard to a previous consignment, and the plaintiff, under date of July 13, 1894, recognized it by writing: "While we agree that the storing of goods costs some expense for insurance, we think these expenses are a part of conducting commission business, but can be claimed in fairness while goods are returned." The plaintiff, therefore, knew as early as July, 1894, that return commissions were expected by the defendants on goods recalled by the consignor, and the subsequent dealings became impressed with this understanding. Story, Cont. § 651. The entire system of brokerage has its origin in custom, which has regulated the cases in which it is payable and the rate chargeable in the particular instance. "All trades have their usages, and, when a contract is made with a man about the business of his craft, it is framed on the basis of its usage, and becomes part of it, except when its place is occupied by particular stipulations." Lawson, Usages & Cust. p. 53, § 24; Add. Cont. (2d Am. Ed.) 851. The usage of a particular business, "when it is reasonable, uniform, well settled, not in opposition to fixed rules of law, not in contradiction of the express terms of the contract, is deemed to form a part of the contract, and to enter into the intention of the parties." Walls v. Bailey, 49 N. Y. 464, 468; Johnson v. De Peyster, 50 N. Y. 666; Harris v. Tumbridge, 83 N. Y. 92; Rickerson v. Insurance Co., 149 N. Y. 315, 316, 43 N. E. 856; Broom, Leg. Max. 682, 889, 891; 1 Greenl. Ev. §§ 292, 294; Clark, Const. (Hornbook Ed.) 583, 584; 6 Wait, Act. & Def. 624; 1 Lawson, Rights, Rem. & Prac. p. 468; Kraft v. Fancher, 44 Md. 204. The custom, however, must be shown to have been known to the parties when the contract was made, or to have been so generally known as to raise a presumption that they had it in mind at the time. Rickerson v. Insurance Co., supra. The custom in this case was of a general character, and, moreover, the letter of July 13, 1894, shows that the plaintiff was made aware of such custom before the transaction in suit. The actual expense to which the defendants were put was equal to about 4 per cent. of the value of the goods returned, but by the custom, which is a reasonable one, they became entitled to charge but 2½ per cent. If the defendants had been guilty of misconduct whereby they forfeited all right to equitable consideration, or had voluntarily sought to terminate the contract, and the plaintiff had been compelled in consequence to accept a return of the goods as upon rescission or revocation by the consignees, it might well be that commissions could not be claimed. But that is not the case. Nothing having been said at the time about indemnifying the consignees for their expense, it was quite proper to revert to the gen-

48 N.Y.S.—65

eral custom of the trade, which may be done "to annex unexpressed incidents to contracts." 8 Wait, Act. & Def. 516; Clarke's Brown, Usages, note, p. 23; 1 Cooley's Bl. Comm. 76, note; Story, Cont. § 15; 2 Pars. Cont. (6th Ed.) 547. Upon these conclusions the plaintiff is entitled to judgment for $149.36, with interest from October 31, 1894.