(30 Misc. Rep. 758.)

### MERKIN v. GERSH.

(Supreme Court, Appellate Term. March 9, 1900.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH—TRIAL—DISMISSAL.

Where, in an action for breach of a contract for services, plaintiff on cross-examination testified that, in connection with defendant's remark "that she would have to do her work properly or get out," she said to him that he could "discharge her if he pleased," and the rest of the evidence clearly established a contract on defendant's part to employ plaintiff for a definite term, it was error to dismiss plaintiff's complaint at close of her case.

2. SAME—DISMISSAL ON MERITS.

Under Laws 1882, c. 410, § 1382, providing that, where plaintiff does not prove his cause of action, the judgment must be that the action be dismissed, with costs, without prejudice to a new action, it was error to dismiss a complaint on the merits for failure to prove a cause of action.

3. SAME—ORAL PLEADINGS—JURISDICTION.

Where pleadings are oral, the complaint must be deemed to contain all the necessary allegations to sustain the cause of action proved, including the necessary jurisdictional facts, and an objection that the record on appeal in such case fails to show that defendant resides within the territorial jurisdiction of the trial court is untenable.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Sophia Merkin, by guardian, against Louis Gersh. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Abraham H. Sarasohn, for appellant.
Rosenthal & Rosenthal, for respondent.

PER CURIAM. The only evidence in the case—that of the plaintiff and her father—clearly established a contract on the part of defendant to employ plaintiff for a definite term. At the close of the plaintiff's case the justice, disregarding the uncontradicted evidence, dismissed the complaint. In doing this he was in error. The evidence was at least sufficient to call upon the defendant to answer

it.   The plaintiff's statement on cross-examination that she said to defendant that he could discharge her if he pleased must be read in connection with defendant's remark, which drew it forth, that she would have to do her work properly or get out.   Thus read, it means no more than that he could discharge her if she did not do her work properly.   There is no evidence that she failed to do this. The justice granted a judgment dismissing the complaint on the merits.   In so doing he exceeded his power.   Section 1382, c. 410, Laws 1882, provides that, where a plaintiff does not prove his cause of action, the judgment must be that the action be dismissed, with costs, without prejudice to a new action.   This is the limit of the power of the justice in such a case.

The respondent suggests that it nowhere appears upon the record that the defendant resides within the territorial jurisdiction of the municipal court, and that for this reason the judgment was right, and must be affirmed.   This objection was not taken below, and did not constitute the ground upon which the justice based his judgment.   The pleadings were oral, and in such case every complaint is deemed to contain all the necessary allegations to sustain the cause of action proved, including the necessary jurisdictional facts. Upon another trial—which must be ordered by reason of the errors above pointed out—the plaintiff may be able to supply the necessary evidence as to defendant's residence.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event.