(33 Misc. Rep. 115.)

### LAMPERT v. RAVID.

(Supreme Court, Appellate Term. November 27, 1900.)

1. CONTRACT TO FORM PARTNERSHIP—BREACH—ACTION—JURISDICTION.

An action at law may be maintained to recover money paid under an executory contract to form a partnership, which has been broken, and it is not necessary to bring an action in equity for an accounting.

2. TRIAL—DISMISSAL ON MERITS.

A judgment dismissing the complaint on the merits at the close of plaintiff's case because the court has no jurisdiction is erroneous.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by David Lampert against John Ravid. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

L. B. Boudin, for appellant.

William Stainton, for respondent.

PER CURIAM. We think upon the whole there should be a reversal of the judgment in this case. The evidence shows that the agreement with respect to the performance of which the money sued for was deposited with the defendant was not an agreement of partnership, but an agreement to enter into a co-partnership the articles of which were to be subsequently drawn and executed. It is true that the record shows that counsel on both sides apparently admitted the existence of a co-partnership, but the evidence with respect to the circumstances under which the money was paid certainly indicates that such payment was understood by the parties to be in the nature of an assurance that the articles of co-partnership would be executed within the time stipulated therefor by the parties. At the close of the plaintiff's case the court below dismissed the complaint, evidently on the ground that, because a co-partnership was admitted, the plaintiff could only bring an action in equity for an accounting, and that the municipal court had no jurisdiction to entertain such a suit. The facts, however, plainly show that the money was paid to the defendant, and was received by him, as a deposit, which was to be forfeited in case the plaintiff failed to sign the articles of co-partnership; that is, in case of a breach of the executory contract which he had entered into with the defendant that a co-partnership between them should be formed. An action upon such an executory agreement may be maintained at law. The trial justice also erred in awarding judgment in favor of the defendant dismissing the complaint on the merits. There was no trial of the cause on the merits, and, if it was to be dismissed, there could be only a dismissal without prejudice to a new action. Merkin v. Gersh, 30 Misc. Rep. 758, 63 N. Y. Supp. 75.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.