HENRY P. KIRKHAM, Respondent, *v.* THE BANK OF AMERICA, Appellant.

BANKING — WHEN CREDIT ENTRY IN DEPOSITOR'S PASS BOOK CANNOT BE CANCELED. Where a bank undertakes with its depositor to collect for him a draft bearing the indorsement of another, and, upon receipt of notice from its sub-agent that the latter has received the drawee's check for the amount, enters in the depositor's pass book the amount thereof as a credit in his favor, it must be deemed to have intended by such entry to treat the draft as paid, and it may not afterwards upon failure of its agent to collect the check upon presentment cancel the credit already given to its depositor.

*Kirkham* v. *Bank of America*, 26 App. Div. 110, affirmed.

(Argued October 25, 1900; decided December 4, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 12, 1898, reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term, and granting a new trial.

The complaint sets forth the receipt, on October 25, 1890, from one Blanchard of a sight draft for $3,120, drawn by the Interstate Investment Company upon the Bank of South Hutchinson, Kansas, and its deposit by the plaintiff with the defendant for collection; that the defendant forwarded it to its agent, the Boatmen's Bank of St. Louis, Missouri, which, in turn, forwarded it to its agent, the First National Bank of

Hutchinson, Kansas; that, upon its receipt by the last-named bank, it was presented to the drawee bank, which accepted it and, thereupon, it was surrendered and there was received back in payment a demand check of the drawee upon the Merchants' Exchange National Bank of New York city, payable to the order of the First National Bank of Hutchinson; that on November 3d, 1890, the defendant notified the plaintiff that, as advised by the Boatmen's Bank of St. Louis, the draft had been paid, and, thereupon, an entry of its amount was made by the defendant in the plaintiff's pass book as a cash deposit item, and as an amount on deposit to his credit; that, upon the check being thereafter presented by the defendant to the Merchants' Exchange National Bank, payment thereof was refused, because of insufficient funds; and that the defendant thereafter refused to pay to the plaintiff the amount of the draft.

The complaint charges, for a first cause of action, that the failure to collect the amount of the draft was due to the negligent act of the defendant, in accepting payment through its agent of the draft by check, instead of in cash, and that it is liable to the plaintiff for the amount of the check. For a second cause of action, it charges the defendant with a liability to the plaintiff in damages to the amount of the draft; in that, upon non-payment of the check, received from the drawee in payment of the draft, it became the defendant's duty to forthwith return the check and to demand of the South Hutchinson Bank the draft which had been deposited for collection; in consequence of the defendant's failure to do which and to restore the draft, the plaintiff was unable to enforce its payment against Blanchard, who was liable upon, and able to pay it.

Upon the trial, these facts were stipulated: that the defendant's agent, the Boatmen's Bank of St. Louis, had received from its agent in Hutchinson the check of the South Hutchinson Bank, drawee of the draft, to the order of the Boatmen's Bank; that, thereupon, the latter credited the defendant with the amount of the check, subject to its payment, and forwarded it to the defendant with notice to that effect; that

the defendant, upon its receipt on November 3d, 1890, cred-
ited its amount to the Boatmen's Bank; that on the same day
of its receipt the defendant credited the amount of the draft
to the plaintiff; that the check was presented on November
5th, 1890, by the defendant to the Merchants' Bank, upon
which it was drawn, and payment thereof was refused and
the same was protested ; that, thereupon, the respective credits
which the defendant and the Boatmen's Bank had given to
each other, in account, were charged off and the credit for the
amount, which the defendant had given to the plaintiff on
November 3d, was, on November 26th, thereafter, canceled by
the defendant.   The plaintiff testified that the draft received
by him from Blanchard, and which he had deposited with the
defendant, was indorsed by him, Blanchard, with the words:
" Personally guaranteed."   It appeared that, after the check
of the South Hutchinson Bank had been refused payment,
the defendant continued to retain it and that, on November
11th, it requested the plaintiff by letter to call in reference to
the matter of his collection.   During the period of time from
November 5th to November 26th representations were made
by Blanchard, relating to the forwarding of remittances to pay
the check, and promises were made by him that he would raise
the money of which the plaintiff had knowledge.   For the
defendant the custom was proved that, where a New York bank
undertakes the collection of a draft out of New York city, the
drawee bank pays the draft upon itself by return exchange upon
New York city; which, in some instances, but not always, is
made in the draft, or check, of the drawee bank itself; that such
a draft, or check, of the drawee bank would be generally drawn
to the order of the collecting agent of the bank with which the
draft had been deposited for collection.   Whether the custom
obtained in the case of indorsed paper was not stated.

At the conclusion of the case, the trial being had before a
judge without a jury, the complaint was dismissed and, upon
appeal to the Appellate Division, in the first department, the
judgment was reversed and a new trial ordered ; the order of
reversal being silent as to its grounds.   From this order the

defendant appealed to this court; giving the usual stipulation for judgment absolute in the event of an affirmance.

*Charles E. Rushmore* for appellant. The defendant was not negligent in accepting the remittance draft of the Bank of South Hutchinson in place of cash. (*Smith* v. *Miller*, 43 N. Y. 171; *Burkhalter* v. *S. Nat. Bank*, 42 N. Y. 538; *Indig* v. *Nat. City Bank*, 80 N. Y. 100; *Thomas* v. *Suprs. of Westchester Co.*, 115 N. Y. 47; *St. Nicholas Bank* v. *State Bank*, 128 N. Y. 26.) The plaintiff is not entitled to recover by reason of the credit entry in his account. (1 Morse on Banks & Banking [3d ed.], § 187; *D. Nat. Bank* v. *Murphy*, 9 Ill. App. 112; *Hazlett* v. *Com. Bank*, 132 Penn. St. 118; *Rapp* v. *Nat. Bank*, 136 Penn. St. 426; *Nat. Gold Bank* v. *McDonald*, 51 Cal. 64; *M. Nat. Bank* v. *Hall*, 83 N. Y. 345; *Nat. B. & D. Bank* v. *Hubbel*, 117 N. Y. 384; *G. A. Bank* v. *T. Nat. Bank*, 18 Abb. L. J. 252.) The theory that the acceptance of the remitting check of the Bank of South Hutchinson instead of cash, together with the credit of the amount in plaintiff's account, constituted a payment of the original draft and fastened liability upon the defendant, is untenable. (*Thomas* v. *Suprs. of Westchester Co.*, 115 N. Y. 47; *Burkhalter* v. *S. Nat. Bank*, 42 N. Y. 538.)

*Everett Masten* for respondent. After crediting to plaintiff the amount of the draft, the defendant became plaintiff's debtor therefor, and did not thereafter become entitled to charge the amount back, and plaintiff is for that reason entitled to recover the amount of the draft. (*Met. Nat. Bank* v. *Loyd*, 90 N. Y. 530; *Clark* v. *M. Bank*, 2 N. Y. 380; *Martin* v. *Home Bank*, 160 N. Y. 190; *F. Nat. Bank* v. *Armstrong*, 39 Fed. Rep. 231; *Whiting* v. *City Bank*, 77 N. Y. 363.)

Gray, J. The facts, which were either proved without dispute, or were conceded, raised the question of law whether the defendant had made itself liable to the demand of the plaintiff in the amount of the draft deposited with it for collection. The determination, which was made by the court, at Special

Term, in favor of the defendant, has been reversed by the Appellate Division solely upon the law. The view of that learned court was that, as between the defendant and the drawee of the draft in collection, the receipt of the check of the latter was a payment of the draft and that the crediting by the defendant of the amount to the plaintiff's account made it his debtor. It was considered that the presumption, that the check of the drawee of the draft was received by the defendant's agent in payment, became absolute, in the absence of any repudiation of the agreement to accept it as payment, or of its return to the South Hutchinson Bank with a demand for the return of the draft. This view was rested upon the proposition that the defendant was bound to return to the plaintiff the draft which he had deposited, or the money, and that, to justify the cancellation of the credit given him for the amount and the refusal to pay him the money, the defendant was bound to return to him the draft properly protested. The discussion of this case at the Appellate Division was very extended; but I think that the question involved resolves itself into this simple proposition : was the defendant not concluded by its conduct from denying that it had rendered itself liable to the plaintiff? If that is true, then that result must be attributed to its negligent conduct of the transaction; which, in its consequences, places it in a position where it can not gainsay its liability. I think that, upon the undisputed facts of this case, there was but the one legal conclusion possible and that is, that the defendant must be deemed to have intended to treat the draft as paid and that that intention was conclusively expressed when it entered the item as a credit to the plaintiff. The question of that intention was, of course, under the circumstances, purely one of law. (*Clark* v. *Merchants' Bank*, 2 N. Y. 380.)

The complaint alleged all the facts, upon which to predicate the liability of the defendant, and within the rule, as laid down in *Whiting* v. *City Bank*, (77 N. Y. 363), the plaintiff was entitled to recover; notwithstanding that he may have stated the ground inartificially, or erroneously.

It may be observed that this is not the case of the collection of the simple draft of the plaintiff's debtor; but that it is one where the draft bore the indorsement of another. When the defendant assumed the duty of collecting the draft, it was bound to exercise reasonable care in the performance of that duty and the measure of its responsibility was, if it failed to collect the amount of the draft, to account to the plaintiff for the draft, properly protested for non-payment. Assuming that the defendant was entitled to rely upon the custom among banks of taking the check of the drawee of the draft for the payment of the same, it was bound to the exercise of care for the protection of all of its depositor's rights and, to preserve itself from assuming any further liability to him in the matter, to be reasonably cautious in what it did, that its relation to him of a collecting agent should not be changed. When, on November 3d, it was in receipt of the drawee's check, it might have retained the check until after presentation for payment; when, if payment was refused, it might have caused the check to be returned to the South Hutchinson Bank, in order that, by the return of the draft, and its due protest for non-payment, the plaintiff's rights upon it should be fully protected. But it appears to have rested upon its agent's responsibility in accepting the check of the drawee of the draft, by, immediately upon its receipt, giving credit to the plaintiff as for a collection made. It was not until November 26th, twenty-one days after giving that credit, that it appears to have undertaken to revoke the credit given.

The plaintiff was no party to the proceedings for collection and the agencies selected by his bank to collect the draft were, in no sense, his agencies. (*St. Nicholas Bank* v. *State Nat. Bank*, 128 N. Y. 26.) He had the right to look for the return of his draft properly protested, if unpaid; or to a credit of its amount. When, therefore, on November 3d, he was notified by the defendant that he was credited with the amount of the draft, and the amount was placed to his credit by the entry in the pass book, brought to the bank upon its request, he was entitled then to regard the bank as having become his debtor

for its amount. The general rule is that credit given in a pass book binds the bank and, in the absence of some clerical mistake with respect to the entry, when the credit entry has been made, the bank has then charged itself with a debt absolutely due to its customer. (*Metropolitan Nat. Bank* v. *Loyd,* 90 N. Y. 530, 537.) The result of the action of the defendant on November 3d, in sending for the plaintiff and in making the credit entry in his pass book, was to close the transaction of collection and to charge itself as a debtor to him for the amount of the draft. The plaintiff could have drawn out all of the money on that day standing to his credit and the bank, upon the non-payment of the check when presented on November 5th, would have had no legal claim upon him to compel repayment. By admitting an indebtedness for the money on November 3d, it had assumed all the risks of its agent's transaction. I think that the action of the defendant was conclusive evidence of an intention to change its status from that of a mere collecting agent to that of a debtor to the plaintiff for the amount of the draft. The relations of a bank to its depositor, while within the influence of morals, are, nevertheless, governed by legal rules. The plaintiff had the right to hold the defendant to the obligation it had assumed and, especially, as he had done nothing to influence its action. The defendant having acknowledged the relation of debtor, how could the plaintiff be estopped from insisting upon the defendant's liability, because of any part which he may have taken in aiding the latter to procure the payment of the check by Blanchard, the indorser upon the draft? The plaintiff never consented to the cancellation of the credit and I do not think that it was within the right, or the power, of his debtor, alone, to vary the agreement implied from the previously assumed relation of debtor and creditor.

I think the order should be affirmed and, under the stipulation, that judgment absolute should be ordered against the defendant, with costs.

PARKER, Ch. J., MARTIN, VANN, CULLEN and WERNER, JJ., concur; BARTLETT, J., concurs in result.

Ordered accordingly.