### COHEN v. BOCCUZZI.

(Supreme Court, Appellate Term. January 7, 1904.)

1. REAL ESTATE AGENT—RECOVERY OF COMMISSIONS—NECESSITY OF WRITTEN AUTHORITY.

Unless plaintiff suing for commissions for procuring a purchaser for defendant's real property can show written authority from defendant, no recovery can be had.

2. SAME—MEMORANDUM—SUFFICIENCY.

A pencil memorandum, on the authority of which it was sought to recover commissions for a sale of real estate, was written out and signed by the owner's son, by direction of his father, as follows: "Property 76 Mangin Street; $9,000.00, no less." *Held* an insufficient compliance with Laws 1901, p. 312, c. 128, § 640d, requiring written authority of the owner of such property or of his attorney in fact, appointed in writing."

¶ 1. See Brokers, vol. 8, Cent. Dig. §§ 44, 79.

3. SAME.

The memorandum was insufficient to show authority to sell at any price, even if signed·by the owner.

4. REVIEW—RETURN ON APPEAL—DISMISSAL ON THE MERITS AT CLOSE OF WHOLE CASE.

It did not clearly appear from the return on an appeal from the Municipal Court that both parties rested before a judgment dismissing the action on the merits was entered, but Municipal Court Act (Laws 1902, p. 1561, c. 580) § 249, authorizes such a dismissal where, at the close of the whole case, the court is of the opinion that plaintiff is not entitled to recover as a matter of law, and it appeared that the judgment was based on such opinion. *Held*, that it would not be disturbed where it was not apparent how plaintiff would strengthen his case on a future trial, and it might be considered from the return that all the parties treated the case as closed, though the better practice was to have the record show that both parties rested.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Isaac Cohen against Felice Boccuzzi. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Max Silverstein, for appellant.

Nicholas Aleinikoff, for respondent.

GREENBAUM, J. The plaintiff sought to hold defendant liable for commissions claimed to have been earned in procuring a purchaser for defendant's real property. After plaintiff had rested his case, defendant's motion to dismiss was granted, and judgment dismissing the action upon the merits was rendered. Unless plaintiff could show written authority from the defendant, no recovery can be had. Whiteley v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89. Plaintiff testified that he procured from the defendant a pencil memorandum, written out and signed by defendant's son by direction of his father, which read as follows: "Property 76 Mangin Street; $9,000.00, no less— Felice Boccuzzi." It is urged by appellant that this memorandum is a sufficient compliance with chapter 128, p. 312, of the Laws of 1901, which, so far as it is necessary to quote therefrom, provides as follows:

"Sec. 640d. In cities of the first and second class, any person who shall offer for sale any real property without the written authority of the owner of such property or of his attorney in fact, appointed in writing, * * * shall be guilty of a misdemeanor."

The paper was concededly not signed by defendant nor "by his attorney in fact, appointed in writing," and a mere direction to a third person to sign his name is not sufficient to avoid the effect of the statute, which was designed to prevent frauds in the matter of negotiating sales of real property. The memorandum, too, is insufficient to show any authority to sell at any price. If such a memorandum can be construed as giving authority to sell, then could any person, upon merely calling upon an owner and getting him to write a figure on a piece of paper at which he is willing to sell, and sign his name thereto,

argue from that single circumstance that he was authorized to sell the property, and base a claim for commission thereon. The undisputed facts clearly show that the plaintiff was not entitled to any recovery, and the complaint was properly dismissed.

The appellant also urges error because of the dismissal of the complaint upon the merits; citing Merkin v. Gersh, 30 Misc. Rep. 758, 63 N. Y. Supp. 75, and Lampert v. Ravid, 33 Misc. Rep. 115, 67 N. Y. Supp. 82. The cases cited arose before the present Municipal Court act was in effect, and when the justice was only permitted to dismiss the complaint for failure to prove a cause of action, without prejudice to a new action. The provision of law then in force was similar to that now found in section 248 of the Municipal Court act (Laws 1902, p. 1561, c. 580). The existing Municipal Court act, however, also provides:

"Sec. 249. Judgment that the action be dismissed on the merits with costs may be rendered in the following cases: (1) Where at the close of the whole case, the court is of the opinion that the plaintiff is not entitled to recover as a matter of law. * * *"

The return in this case reads:

"The case here closed, and said justice thereupon," etc., "rendered judgment in favor of the defendant and against the plaintiff dismissing the action upon the merits."

It is thus evident that the justice considered the case closed, although from the stenographer's minutes it would appear that the motion to dismiss was made at the conclusion of plaintiff's case, and without any statement that both parties had rested. It clearly appears that the judgment of the court was based upon the opinion of the court that plaintiff was not entitled to recover as matter of law; and as it is not apparent how plaintiff can strengthen his case upon any future trial, and as it may be considered from the return that all the parties treated the case as closed, the judgment will not be disturbed. Where it is desired to have a dismissal on the merits upon the conclusion of the case, the better practice would be to have the record show that both parties rested, and there would then be no question as to the power of the court in a proper case to dismiss the complaint on the merits.

The judgment is affirmed, with costs. All concur.