## BOWEN v. FARLEY.

(Supreme Court, Appellate Division, Second Department.　June 8, 1906.)

COURTS—MUNICIPAL COURT—DISMISSAL—CONFLICTING EVIDENCE.

Where there is conflicting evidence as to a question of fact on which plaintiff's right to recover depends, the court may not dismiss the case on the merits under Municipal Court Act, Laws 1902, p. 1561, c. 580, § 249, authorizing such dismissal where, at the close of the whole case, the court is of the opinion that plaintiff is not entitled to recover as a matter of law.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Samuel B. Bowen, doing business as S. Bowen's Son, against Thomas M. Farley. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Richard Ely, for appellant.

Meier Steinbrink, for respondent.

MILLER, J. The plaintiff complained on a balance due for goods sold and delivered. The defendant counterclaimed a demand for goods returned in excess of the quantity not paid for. The proof developed disputed questions of fact, the determination of which required a judgment either for the plaintiff or for the defendant on his counterclaim. At the close of the whole case the justice dismissed the complaint on the merits. Section 248 of the municipal court act (Laws 1902, p. 1561, c. 580) provides for a dismissal without prejudice to a new action, and section 249, so far as material, provides:

"Judgment that the action be dismissed on the merits with costs may be rendered in the following cases: (1) Where, at the close of the whole case, the court is of the opinion that the plaintiff is not entitled to recover as a matter of law."

It is plain that the dismissal "on the merits" must have proceeded on the theory that the plaintiff was not entitled to recover as matter of law; but a disputed question of fact could not be disposed of as one of law. Had the plaintiff entirely failed to prove his cause of action, the question would have been one of law; but even then a nonsuit, instead of a dismissal on the merits, would have been required unless the justice could say upon the whole case as a matter of law that the plaintiff could not recover in any event. By reading together the two sections referred to, supra, their purpose is made obvious. Where, on a new trial, the plaintiff might supply some defect in his proof, a nonsuit is proper. Where upon the whole case the justice can see that the plaintiff can never recover as matter of law, a dismissal on the merits is proper. In this case neither one was proper, but a determination of the disputed qeustions of fact was required.

The judgment of the Municipal Court must therefore be reversed, and a new trial ordered; costs to abide the event. All concur.