### KELLY v. GOEBBERT.

(Supreme Court, Appellate Term. December 22, 1909.)

1. NEGLIGENCE (§§ 134, 136*)—PRIMA FACIE CASE—CONTRIBUTORY NEGLIGENCE AS QUESTION FOR JURY.

In an action for personal injury by falling into a hole in a saloon, testimony *held* to make out a prima facie case of negligence and to present a question for the jury as to contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–273, 333–346; Dec. Dig. §§ 134, 136.*]

2. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

A nonsuit in a negligence case because of contributory negligence will not be sustained unless it is conclusively established by evidence which leaves no doubt to be settled by a jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 333–346; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Kelly against Herman Goebbert. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

James A. Speer, for appellant.

W. J. A. Caffrey, for respondent.

LEHMAN, J. The plaintiff claims that he was injured by falling into a hole in the defendant's saloon. It appears from the testimony that the plaintiff visited the defendant's saloon very frequently; that the hole had never been there before, but was due to some repairs that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant was making.; that the workmen had temporarily stopped working; that the hole was not guarded, and the light was dim.    Under these circumstances, the plaintiff made out a prima facie case of negligence against the defendant, and it was for the jury to say whether the plaintiff was free from contributory negligence.    "The instances in which nonsuits have been sustained by reason of the contributory negligence of the plaintiff, or the party sustaining the injury, have been exceptional cases in which the court has adjudged that such negligence was conclusively established by evidence which left nothing, either of inference or of fact, in doubt or to be settled by a jury." Massoth v. Delaware & Hudson Canal Co., 64 N. Y. 524, at page 529.

The plaintiff further testified that he suffered pain at the time of the injury, and could not work for three weeks thereafter, and that his average earnings were $18 per week.    He also attempted to show additional and permanent injuries by medical testimony; but it seems to me that the trial justice was correct in holding that these injuries were not sufficiently connected with the fall three years before to justify a submission to the jury, and the medical testimony and the other testimony bearing upon the alleged permanent injuries might well have been stricken out.    The justice erred, however, in my opinion, in not submitting to the jury the question of the defendant's liability for the injuries upon which there was competent testimony.    He certainly erred in giving judgment upon the merits at the close of the plaintiff's case.    Municipal Court Act (Laws 1902, p. 1561, c. 580), § 249; Bowen v. Farley, 113 App. Div. 767, 99 N. Y. Supp. 205; Merkin v. Gersh, 30 Misc. Rep. 758, 63 N. Y. Supp. 75.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.