LOWINSON v. McKENNA.

(Supreme Court, Appellate Term. January 5, 1911.)

1. CONTRACTS (§ 305*)—TIME FOR PERFORMANCE—WAIVER.

Even if time for performance was of the essence of an architect's contract to furnish plans, the owner waived nonperformance within the time fixed by not claiming a rescission and by thereafter continuing negotiations.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1398, 1399, 1467–1475; Dec. Dig. § 305.*]

2. CUSTOMS AND USAGES (§ 10*)—ARCHITECTS—EVIDENCE.

One sued for architect's services, and defending because complete plans were not furnished, could show a general custom, known to the architect when the contract was made, to furnish copies of the plans and specifications for use by bidding contractors.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 11–39; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Oscar Lowinson against Thomas P. McKenna. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

McKenna & McKenna (Joseph H. San, of counsel), for appellant. Albert T. Scharps, for respondent.

BRADY, J. The pleadings herein were oral. The action was apparently brought for work, labor, and services in drawing plans for a dwelling house at Long Branch, N. J., for the defendant, under a verbal contract between the defendant and one Meyer, an architect,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who assigned his claim to the plaintiff. The defendant, on the trial before the justice without a jury, defended upon the ground, first, that the plans were not delivered within the time provided in the contract; and, second, that no complete plans, as provided by the contract, had ever been delivered. Judgment was rendered by the justice for plaintiff, and defendant appeals.

. As to the first defense, even if time were of the essence of the contract, rescission was not claimed by the defendant, and negotiations between the defendant and Meyer continued for a long period beyond the time claimed to be fixed for its completion, and the defendant therefore waived his right to stand upon that defense.

As to whether the contract was ever performed by Meyer on his part, the evidence is insufficient to justify a finding in the affirmative. The defendant claims that a compliance with a contract by an architect to furnish plans and specifications for the erection of a building and to supervise the construction thereof includes in fact the furnishing of eight written copies of such plans and specifications for use of the contractors desiring to bid for the contract of erecting such building. The defendant sought to establish such claim by what he insists to be a general custom of the architects' profession, and claimed to have been known to the plaintiff when the contract in suit was made. But such evidence was excluded on the objection of the plaintiff, and the defendant excepted. The rule relative to usage of a particular business is summed up by Mr. Justice McAdam in Botany Worsted Works v. Wendt, 22 Misc. Rep. 156, 157, 48 N. Y. Supp. 1024, 1025, in these words:

"The usage of a particular business, 'when it is reasonable, uniform, well settled, not in opposition to fixed rules of law, not in contradiction of the express terms of the contract, is deemed to form a part of the contract and to enter into the intention of the parties.' Walls v. Bailey, 49 N. Y. 464, 468, 10 Am. Rep. 409; Johnson v. De Peyster, 50 N. Y. 666; Harris v. Tumbridge, 83 N. Y. 92 [38 Am. Rep. 398]; Rickerson v. Hartford Ins. Co., 149 N. Y. 315, 316 [43 N. E. 856]; Broom's Leg. Max. 682, 689, 691; 1 Gr. Ev. §§ 292, 294; Clark on Cont. (Hornbook Ed.) 583, 584; 6 Wait's Act. & Def. 624; 1 Laws, R. & R. p. 468; Kraft v. Fancher, 44 Md. 204. The custom, however, must be shown to have been known to the parties when the contract was made, or to have been so generally known as to raise a presumption that they had it in mind at the time."

The same principle was enunciated in Donovan v. Standard Oil Co., 155 N. Y. 112, 118, 49 N. E. 678, 680, where the court, among other things, said:

"The general course and practice of business in transporting property upon the Lakes must have been known to the defendant as well as the plaintiffs, when the letter referred to was sent and its terms accepted. That being silent as to all the conditions of a contract of affreightment or charter party, the parties must be deemed to have contracted with the understanding that well-known usages and customs might be imported into the letter to explain what its terms had left doubtful, and to effect the object which the parties had in view where it had not been expressed. McPherson v. Cox, 86 N. Y. 472; Abbott on Shipping, p. 275."

There was sufficient evidence adduced which brought the case within the rule above stated and which would have warranted the trial court

in admitting evidence of the usage thus sought to be established by the defendant, and its exclusion was reversible error.

The record here is voluminous, and much of the testimony taken was absolutely immaterial, and may well be omitted on a retrial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.