JAFFE et al. v. WELD et al.

(Supreme Court, Special Term, New York County. December 18, 1911.)

1. PLEADING (§ 214*)—DEMURRER.

Facts specially alleged in a complaint demurred to must be given full effect on the determination of the demurrer and will prevail over general allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. TRUSTS (§ 358*)—CONSTRUCTIVE TRUSTS—FOLLOWING TRUST PROPERTY.

To follow trust funds into other property and impress such property with a trust, the money must be distinctly traced and clearly proved to have been invested in such property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 553; Dec. Dig. § 358.*]

3. BANKS AND BANKING (§ 126*)—RELATION BETWEEN BANK AND DEPOSITOR.

Where one deposited in a bank a draft drawn on his agent, and the bank gave credit therefor, the title to the draft passed to the bank, and the relation between the depositor and the bank was that of creditor and debtor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 305, 309; Dec. Dig. § 126.*]

4. TRUSTS (§ 358*)—FOLLOWING TRUST PROPERTY.

A dealer drew five drafts to which forged bills of lading were attached, and the same were delivered to a bank which forwarded them to the dealer's agent. At the same time, the dealer drew a single draft on his agent for the amount of the five drafts and deposited it in a bank and obtained credit with which he purchased cotton which was subsequently transferred to defendant. The dealer's agent sold the five drafts and bills of lading attached to plaintiff, and with the money realized the single draft was paid. Held, that plaintiff could not impress the cotton in the hands of defendant with a trust on the theory that his money passed into the cotton.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 553; Dec. Dig. § 358.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Max Jaffe and others against Stephen M. Weld and others. Motion by plaintiffs for judgment on the pleadings, consisting of complaint and demurrer thereto. Demurrer to complaint sustained with leave to plaintiffs to plead over.

Briesen & Knauth, for plaintiffs.

Stetson, Jennings & Russell, for defendant Pyle.

Geller, Rolston & Horan, for defendants Stephen M. Weld and others.

SEABURY, J. This is a motion by the plaintiffs for judgment on the pleadings. The pleadings consist of the complaint and demurrers interposed by both of the defendants. The question presented for decision is whether the complaint states facts sufficient to constitute a cause of action. The complaint is voluminous and demands judgment impressing a trust upon property transferred to the defendants Weld and partners by Steel, Miller & Co. to the amount of $68,758.25. The trustee in bankruptcy of Steel, Miller & Co. is also a defendant. Disregarding the conclusions of law and the facts and details, which are merely incidental to the facts hereafter referred to, the legal question presented by the demurrers is revealed by the following analysis of the complaint: Steel, Miller & Co. drew five drafts to which were attached eight certain forged bills of lading which were delivered to a bank in Mississippi, and "through it or otherwise" forwarded to their agent in New York. At the same time Steel, Miller & Co. drew a single draft upon their agent in New York for the approximate amount of the five foreign drafts mentioned above. This draft was deposited to the credit of Steel, Miller & Co. in one of the banks in Mississippi, and upon it, between the 5th and 20th of April, 1910, the bank gave Steel, Miller & Co. credit for the draft, with which credit Steel, Miller & Co. purchased cotton and other property, which was subsequently transferred to the defendants Weld and partners. The agent of Steel, Miller & Co. in New York sold the five drafts and bills of lading thereto attached to the plaintiffs. The exact date of this sale is not alleged, but it may be inferred from certain of the allegations of the complaint that it occurred on or about April 20, 1910. With the money realized upon the sale of the five drafts to which the forged bills of lading were attached the agent in New York of Steel, Miller & Co. paid the draft which they had drawn on him.

From this analysis two facts are evident: (1) The money which Steel, Miller & Co. received from the sale of the five drafts and forged bills of lading to the plaintiffs was utilized to pay the draft which Steel, Miller & Co. had drawn upon their agent in New York; and (2) the deposit which Steel, Miller & Co. made with the Mississippi bank, upon which the bank extended credit to them and upon which they purchased cotton and other property which was subsequently transferred to the defendants Weld and partners, consisted of the same draft which Steel, Miller & Co. had drawn upon their agent in New York, and did not consist in whole or in part of the

money which the plaintiffs had paid for the five drafts to which the forged bills of lading were attached.

[1] These facts being clearly alleged, they must upon the determination of these demurrers be given full effect, and must be held to prevail over general allegations which state that the money received from the plaintiff was utilized to purchase the cotton which was subsequently transferred to the defendants Weld and partners.

[2] To follow money into other property and impress the latter with a trust the money must be distinctly traced and clearly proved to have been invested in such property. This rule is as well settled in courts of equity as in courts of law, and is so clearly enunciated in the Matter of Hicks, 170 N. Y. 195, 63 N. E. 276, and the cases there cited, that reference to other authorities is unnecessary. Here the complaint fails to identify the property upon which it seeks to have a trust impressed with the money which Steel, Miller & Co. obtained from the plaintiffs.

[3] When Steel, Miller & Co. deposited the single draft drawn on their agent in New York with the bank in Mississippi and were credited with it, the title to the draft passed to the bank. Met. Nat. Bank v. Lloyd, 90 N. Y. 530; Kirkham v. Bank of America, 165 N. Y. 138, 58 N. E. 753, 80 Am. St. Rep. 714.

[4] From this moment the relation of debtor and creditor was established between the bank and Steel, Miller & Co. Thus the bank became the debtor of Steel, Miller & Co., and the latter became absolutely entitled to draw the money credited to them. The fact that Steel, Miller & Co. drew the money thus credited to them by the bank and purchased cotton and other property with it, which was subsequently transferred to the defendants Weld and partners, is insufficient to establish a cause of action in the plaintiffs. Nor can the fact that the plaintiffs purchased drafts of Steel, Miller & Co. to which forged bills of lading were attached serve to give them any claim to property which Steel, Miller & Co. purchased with credit given to them as the result of the deposit of another draft with the Mississippi bank. The complaint alleges that the cotton and other property upon which the plaintiffs seek to impress a trust were purchased with the credit obtained by the deposit of the draft. The fact that the agent of Steel, Miller & Co. paid the draft with money obtained from the plaintiffs by reason of the fraud of Steel, Miller & Co. establishes merely that the money derived from the plaintiffs passed into the hands of the bank as its own property. The bank surrendered its title to the draft and received in return the money paid, and the title to the money vested in the bank. This being true, it is clear that, instead of the plaintiffs tracing the money obtained by fraud into the property sought to be impressed with a trust, they have actually alleged that the property was purchased with other funds, and have traced the alleged trust funds to another abiding place.

The complaint fails to allege facts sufficient to constitute a cause of action.

The demurrers are sustained, with leave to the plaintiffs to plead over within 20 days upon payment of costs.