(78 Misc. Rep. 56.)

### ALBERT et al. v. STATE BANK.

(Supreme Court, Appellate Term, Second Department. October 25, 1912.)

1. BANKS AND BANKING (§ 161*)—COLLECTIONS FOR DEPOSITORS.

The rule that a bank, undertaking to collect a note for a depositor, must accept in payment only legal currency, gives way to a contrary custom, established among bankers, and not unreasonable, and known to the depositor, or so general as to raise the presumption of knowledge.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 554–561, 564; Dec. Dig. § 161.*]

2. BANKS AND BANKING (§ 161*)—COLLECTIONS FOR DEPOSITORS—LIABILITY—EVIDENCE.

Where a bank, receiving a note for collection for a depositor accepted the acceptance of another bank, at which the maker had sufficient funds, and the latter bank, before payment, failed, the former bank, to escape liability to the depositor, must establish a custom to accept in payment such acceptance, and that the depositor knew thereof, or that the custom was of such a character that he presumptively had knowledge thereof.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 554–561, 564; Dec. Dig. § 161.*]

3. BANKS AND BANKING (§ 161*)—RECEIVING NOTES FOR COLLECTION FOR DEPOSITOR—CREDITS—EFFECT.

Where a bank, receiving a note for collection for a depositor, obtained in payment, an acceptance by another bank, at which the maker had sufficient funds, and gave the depositor credit in its books, and represented to him that the note was paid, the bank was liable, though the accepting bank failed before payment.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 554–561, 564; Dec. Dig. § 161.*]

4. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

The error in admitting improper evidence to prove a fact established by competent evidence is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Isaac Albert and another against the State Bank. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

Walter T. Kahn, of Brooklyn, for appellant.
Charles Burstein, of Brooklyn, for respondents.

CRANE, J. The plaintiffs deposited a note made by the Acme Column Company with the defendant for collection. The note was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dated March 15, 1910, and payable 20 days after date, at the Union Bank of Brooklyn, Seventeenth Ward Branch. The note was entered in the plaintiffs' passbook as for collection. On the due date the defendant presented the note for payment at the Union Bank, which was thereupon stamped "Accepted," returned to the State Bank, and sent with exchanges the next day through the clearing house. In the meantime the Union Bank had failed, and the note was returned to the State Bank unpaid. There were sufficient funds of the Acme Column Company on deposit in the Union Bank on the 4th day of April to have paid the note; but the reason cash was not given at the time of presentment was stated to be a custom among banks to stamp notes as accepted and send them through the clearing house for payment like other exchanges. When this note was returned to the State Bank, stamped "Accepted," and before it had been put through the clearing house, the State Bank had entered in the plaintiffs' deposit book the amount thereof as a credit, and informed them through its agent that the note had been paid. As the defendant has refused to recognize this credit, the plaintiffs have brought this action to recover the amount of the note which the defendant attempted to collect in their behalf.

[1] It is undoubtedly the general rule that a bank, undertaking to collect a note for a depositor, must accept in payment legal currency or bills which pass as money, and has no right to accept certification of a check, instead of payment. Daniel on Negotiable Instruments, § 335; Ward v. Smith, 74 U. S. (7 Wall.) 447, 19 L. Ed. 207. But this general rule must give way to a custom to the contrary, well established among bankers, and not unreasonable. Thus a general and universal custom among bankers to accept checks in payment of claims which they hold for collection is binding upon their customers, and has been considered a careful discharge of the duties of collecting agents. Farmers' Bank & Trust Company of Stanford v. Newland, 97 Ky. 464, 31 S. W. 38, 17 Ky. Law Rep. 329; Kershaw v. Ladd, 34 Or. 375, 56 Pac. 402, 44 L. R. A. 236; Jefferson County Savings Bank v. Commercial National Bank, 98 Tenn. 337, 39 S. W. 338; Kirkham v. Bank of America, 165 N. Y. 132, 58 N. E. 753, 80 Am. St. Rep. 714. In this state, however, such a custom or usage among banks must either be known to the depositor, or be so general and common as to raise the presumption that he had it in mind at the time of the deposit for collection. Walls v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407; Botany Worsted Works v. Wendt, 22 Misc. Rep. 156, 48 N. Y. Supp. 1024; Rickerson v. Hartford Fire Insurance Co., 149 N. Y. 307, 43 N. E. 856; Robertson v. National Steamship Company, Ltd., 139 N. Y. 416, 34 N. E. 1053.

[2] It was for the defendant, therefore, to establish in this case a custom to accept in payment of notes the acceptance thereof and the collection through the clearing house; and to prove, further, that it was of such age and character that the plaintiffs must be presumed to have acquiesced in it when they gave their note to the defendant for collection. The only witness called to prove this custom

was an officer of the bank with whom one of the plaintiffs had had a serious dispute, and who was necessarily an interested witness. His testimony as to the usage did not state for how long a time such practice had been common. As the plaintiffs denied all knowledge of any such custom, a question was raised for the jury to determine as to the validity of this defense, and, having found for the plaintiffs, their verdict should not be disturbed.

[3] But the plaintiffs were entitled to recover, in our opinion, upon another ground, and that is the entry in their deposit book of this note as a credit and the statement to one of them by the defendant's representative that it had been paid.

"The general rule is that credit given in a passbook binds the bank, and in the absence of some clerical mistake with respect to the entry, when the credit entry has been made, the bank has then charged itself with a debt absolutely due to its customer." Kirkham v. Bank of America, supra.

The statement by Judge Gray in his opinion in that case is applicable here:

"The defendant must be deemed to have intended to treat the draft as paid, and that that intention was conclusively expressed when it entered the item as a credit to the plaintiff."

See, also, Moore v. Riverside Bank, 25 Misc. Rep. 720, 55 N. Y. Supp. 615.

[4] Even if the admission of the testimony of the witness Bedell as to the books of the Union Bank were error, it was harmless, as it sufficiently appears by the acceptance of the Union Bank that the Acme Column Company had sufficient funds on deposit to meet the note.

Judgment affirmed, with costs.

ASPINALL and PUTNAM, JJ., concur.