(95 Misc. Rep. 567)

### BROOK v. LEVINSON et al.

(Supreme Court, Appellate Term, First Department.    June 28, 1916.)

1. COURTS ☞189(15)—MUNICIPAL COURT—DISMISSAL ON MERITS—EFFECT.
    Under Municipal Court Code (Laws 1915, c. 279) § 125, providing that a judgment dismissing an action may be rendered on the merits or without prejudice, as the case may require, a dismissal on the merits is equivalent to judgment for defendant on all the issues.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(15).]

2. EVIDENCE ☞376(1)—ACCOUNT BOOKS—LOOSE LEAF RECORD SHEETS—COMPETENCY.
    A sheet from defendant's loose leaf order book, purporting to show plaintiff's account, held to be incompetent, in the absence of a showing as to the manner in which such record was kept, or that the record actually represented all the transactions between the parties during the period in question.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628, 1629, 1631, 1632, 1644–1646; Dec. Dig. ☞376(1).]

3. CUSTOMS AND USAGES ☞19(3)—TRADE CUSTOMS—SUFFICIENCY OF EVIDENCE.
    Evidence of defendant's custom of requiring written confirmation of orders before they became binding, no showing being made that such custom was within the knowledge of plaintiff, held insufficient to establish a trade custom binding on plaintiff.
    [Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 46; Dec. Dig. ☞19(3).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Michael Brook against Benjamin A. Levinson and an-

other. From a judgment for defendants, dismissing the complaint on the merits, plaintiff appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Val. B. Baggott, of New York City (Samuel Katz, of New York City, of counsel), for appellant.

Bassett, Thompson & Gilpatric, of New York City (W. H. Gilpatric, of New York City, of counsel), for respondents.

GUY, J. [1] Plaintiff appeals from a judgment dismissing the complaint on the merits, after the introduction of evidence by both plaintiff and defendant, and the close of the case by both plaintiff and defendant. It is contended by the appellant that, there being an issue of fact, the court had no power to dismiss the complaint on the merits, but was required to render judgment in favor of either plaintiff or defendant. Section 125 of the new Municipal Court Code (Laws 1915, c. 279), provides:

"A judgment dismissing the action may be rendered either on the merits or without prejudice to a new action, as the case requires."

A dismissal upon the merits is the equivalent of a judgment for defendant on all the issues presented to the court. See Deeley v. Heintz, 169 N. Y. 129, 135, 62 N. E. 158; Bass v. Phœnix Ins. Co., 161 App. Div. 296, 141 N. Y. Supp. 555, 145 N. Y. Supp. 1112; Niagara Fire Ins. Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208.

The decision in Bowen v. Farley, 113 App. Div. 767, 99 N. Y. Supp. 205, to which our attention was invited, was under the old Municipal Court Act, and is entirely superseded by section 125 of the present act.

[2] A more serious question is presented by the evidence admitted, over plaintiff's objection and exception, in connection with a loose sheet from defendants' order book, used in their business, written by themselves, and never shown to the plaintiff. Defendants' witness testified:

"This is the sheet in our book under which the orders and deliveries to M. Brook & Co. are entered."

The question was then asked:

"Q. Looking at that sheet, Mr. Bessels, can you state whether there is any order on your books from Brook & Co.?"

This was objected to as incompetent, irrelevant, and immaterial, calling for a conclusion, and that the paper was a self-serving declaration. The objection was overruled and an exception taken. The witness then answered:

"There is not."

Defendants' counsel then offered the sheet in evidence, and the court asked:

"Do I understand this is a loose leaf from your book? A. Yes. Q. Taken from your regular account with this plaintiff? A. Yes, sir."

The objection was then overruled, under plaintiff's exception, and the sheet marked in evidence. No other foundation was laid for the

admission of the sheet than the testimony that it was a loose leaf from defendants' regular account with the plaintiff. There was not even the customary proof as to the manner in which the book was kept, or that all orders obtained were entered as of the date of the order, or that the book from which the leaf was taken accurately recorded all transactions in connection with defendants' business covering the period in question. By admitting such evidence the court permitted defendants to make the mere omission of an act on their part corroborative evidence in contradiction of plaintiff's proof of the giving of the order. It could not be contended seriously that plaintiff would be allowed to recover against defendants upon mere proof that upon a certain date plaintiff had entered in its books an order for merchandise to be obtained from defendants. The converse of the proposition must be equally true, that defendants cannot disprove plaintiff's evidence of the actual giving of an order for merchandise by mere proof that defendants made no entry thereof in their books. The admission of this evidence was highly prejudicial and renders a reversal necessary.

[3] Again, over plaintiff's objection and exception, defendants were allowed, under guise of proving an established custom in the silk trade requiring a written confirmation of an order before it is deemed to be binding, to introduce evidence as to their usual practice in that regard. Plaintiff's counsel moved to strike out the evidence on the point as incompetent, irrelevant, and immaterial, which motion was denied, with an exception to plaintiff. Defendants failed, either by direct testimony of their own witnesses or on cross-examination of plaintiff's witnesses, to prove such a custom of the silk trade in that regard as would be binding upon the plaintiff, and defendants' usual practice, which they were allowed to prove, was not shown to be within the knowledge of the plaintiff. Lowinson v. McKenna, 126 N. Y. Supp. 604; Hart v. Cort, 83 Misc. Rep. 44, 144 N. Y. Supp. 627; Walls v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407; Goldsmith v. Newwitter, 10 Misc. Rep. 36, 30 N. Y. Supp. 815. The admission of this evidence was error.

The judgment must be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.