### McPHILLIPS *v.* NEW YORK, N. H. & H. R. Co.

*(Common Pleas of New York City and County, General Term. June 1, 1891.)*

EVIDENCE—ADMISSIONS—TESTIMONY ON FORMER TRIAL.

> In an action to recover damages for negligently causing the death of plaintiff's intestate at a street crossing, it being material to inquire whether intestate had crossed and attempted to recross the track in full view of a rapidly approaching locomotive, plaintiff testified that the position of the locomotive, at the time when his intestate caught his foot between the guard-rail and main rail of the track, had not been pointed out to him. On a former trial he had testified that such position had been pointed out to him, and he had found it to be 277 feet. There was other evidence to show that intestate attempted to cross the track when the locomotive was quite near. *Held*, that plaintiff's first statement was not only operative in contradiction of his present testimony, but as the admission of a party of the close proximity of the locomotive when his intestate attempted to cross, and, there being other evidence also establishing that fact, a motion for reargument of the case, decided adversely to plaintiff on appeal, must be denied. Affirming 13 N. Y. Supp. 917.

Motion for reargument.

Action by Patrick J. McPhillips, administrator of John B. McPhillips, deceased, against the New York, New Haven & Hartford Railroad Company, to recover damages for the death of plaintiff's intestate alleged to have been caused by defendant's negligence. The case was tried three times. On a former trial, the turning point in the case being whether plaintiff's intestate

had crossed and attempted to recross defendant's track in full view of its rapidly approaching engine, plaintiff testified that he made a careful inspection of the scene of the accident a few days after it happened, and that the position of the engine when his intestate became entangled on the track and fell had been pointed out to him, and that he had measured the distance from that point to the point where his intestate was struck, and found it to be 277 feet, etc. On the present trial he testified: "Aiken pointed out to me the place where my boy was hurt. He did not point out to me the place where the locomotive was when the boy caught his feet. I swear to that." . There was judgment for plaintiff below, which was reversed on appeal, and plaintiff moved for a reargument of the appeal, which motion was denied.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Page & Taft*, for appellant.    *Christopher Fine*, for respondent.

PER CURIAM. The learned counsel for the respondent is quite mistaken in the supposition that the court misconceived the evidence in the record, and confounded the evidence on a former trial with the evidence on the trial under review. Having laid the foundation, imperative in the case of a witness not a party, but here unnecessary, the defendant introduced the testimony of the plaintiff, Patrick J. McPhillips, on a former trial, as follows: "*Question.* .What is the distance * * * as to where the train was when he [the intestate] fell? *Answer.* Between the third pole, 277. feet from where he fell. *Q.* Did you make the measurements? *A.* I made the measurement myself." This, being the statement of the plaintiff in the action, was not only operative in contradiction of his present testimony, but, as the admission of a party, was competent evidence upon the issues in litigation. Besides, there was much other evidence of the same tendency and effect. Motion denied.