PER CURIAM. It nowhere appears in the record that the defendant was at the time of the commencement of the action, or in fact at any other time, a resident of the city of New York, as the same now exists. It is settled in this court that for the absence of such proof the judgment must be reversed, inasmuch as it is essential to the validity of the proceedings that the jurisdictional facts should affirmatively appear upon the face of the record. Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319; Willis v. Parker, 30 Misc. Rep. 750, 62 N. Y. Supp. 1078. The judgment in this case must therefore be reversed, and a new trial ordered, but, inasmuch as the objection was not taken below, without costs. Willis v. Parker, supra.

Judgment reversed, and a new trial ordered, without costs.

---

### LEWIN et al. v. TOWBIN.

(Supreme Court, Appellate Term. June 13, 1900.)

REPLEVIN—FORM OF JUDGMENT.

When plaintiff sues for the recovery of a chattel, a judgment in his favor should be in the alternative, awarding to him the possession of the chattel, or the sum fixed as the value thereof, if possession cannot be procured.

Appeal from municipal court, borough of Manhattan, First district.

Action by Julius Lewin and another against Barnard Towbin for the recovery of a chattel, or, if possession cannot be procured, its value. From a judgment in favor of plaintiffs, the defendant appeals. Modified and affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Abraham B. Schleimer, for appellant.

Robert L. Turk, for respondents.

PER CURIAM. The only point raised by the appellant requiring attention relates to the alleged irregularity in the form of the judgment rendered below. This being an action brought to recover a chattel, the judgment for the plaintiff should award to him the possession of the chattel, or the sum fixed as the value thereof, if possession cannot be procured. Langbein, Law & Prac. N. Y. Dist. Ct. 240. The judgment appealed from was not in the alternative, but it may be modified by providing that plaintiff recover possession of the chattels in suit, and, if delivery thereof cannot be made, then for the sum of $81, the value thereof, with $17.50 costs, and, as so modified, the judgment should be affirmed, without costs. Wolf v. Farley (Com. Pl.) 808, 16 N. Y. Supp. 168.

---

### KIEFFER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 13, 1900.)

COURTS—PROCEDURE—JUDGMENT ON DISMISSAL IN MUNICIPAL COURT.

Under Consol. Act. § 1382, providing for dismissal, with costs, without prejudice to a new action, in certain cases in municipal courts, a municipal court, on granting a dismissal for failure to prove the cause of action, cannot properly direct a verdict for defendant.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Frank Kieffer against the Metropolitan Street-Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

M. Strassman, for appellant.

Henry A. Robinson, for respondent.

PER CURIAM. This action was brought to recover damages for injuries to person and property, resulting from defendant's alleged negligence in causing defendant's car to collide with plaintiff's wagon. At the close of plaintiff's case a motion was made to dismiss the complaint, whereupon the justice granted the motion, and in addition thereto directed a verdict for the defendant. This was a manifestly erroneous disposition of the case. We think the evidence required the submission of the case to the jury, but, even assuming that the justice was right in believing that the motion to dismiss should be granted, it was improper to direct a verdict for the defendant. It was also improper to render a judgment such as the record discloses. In the municipal court, where a plaintiff does not prove his cause of action, the judgment should simply provide that the action is dismissed, with costs, without prejudice to a new action. Section 1382, Consol. Act.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.