(34 Misc. Rep. 163.)

## DEGNARIO v. SIRE.

(Supreme Court, Appellate Term.　February 25, 1901.)

1. TRIAL—COMPLAINT—DISMISSAL—JUDGMENT.

　　A judgment for defendant, at the close of plaintiff's evidence, without any evidence being adduced in favor of defendant, was erroneous, though a dismissal of the complaint might have been proper.

2. LANDLORD AND TENANT—COVENANTS—BREACH—SECURITY—CONVERSION.

　　Where a landlord, through his agent, leased mortgaged premises to a tenant, who deposited $500 with him as security for the performance of conditions in the lease, the tenant was entitled to bring an action of conversion on the landlord's refusal to return the money, after a forced sale of the mortgaged premises, before the tenancy expired.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Raeffelo Degnario against Meyer L. Sire.　From a judgment for defendant, plaintiff appeals.　Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

J. J. Myers, for appellant.
A. I. Sire, for respondent.

ANDREWS, P. J.　This is an appeal by the plaintiff from a judgment rendered in the municipal court in favor of the defendant. The action is brought to recover the sum of $500 that is alleged to have been deposited by the plaintiff with the defendant as security for the performance of the covenants of a certain lease.　At the close of the plaintiff's evidence, defendant's counsel moved to dismiss the complaint upon various grounds.　Subsequently the justice rendered a judgment in favor of the defendant.　This was certainly error; for, as the defendant put in no evidence, the most that the court could do was to dismiss the complaint.　If this had been done, such dismissal would not have barred another action, but, the judgment having been rendered in favor of the defendant, no other action can be brought.　The judgment must be reversed upon this ground.

However, as there must be a new trial, it may be as well to consider the merits of the case upon the evidence given on behalf of the plaintiff.　The complaint alleged that the defendant was the owner in fee of the premises 363 Seventh avenue, in this city, and that on September 20, 1899, the defendant made a lease in writing of said premises to the plaintiff for three years from May 1, 1900, at a yearly rental of $1,800; that on said day the plaintiff deposited with the defendant the sum of $500, which it was agreed should be held by the defendant as security for the fulfillment of the covenants of the lease; that an action was commenced for the foreclosure of a mortgage upon said premises, and that on November 7, 1900, the premises were sold at public auction, under a decree of foreclosure, to one Bostwick; that on November 14, 1900, the plaintiff demanded of the defendant, Sire, the return of said $500, but that the defendant refused to pay the same, and wrongfully converted the same to his own use.　The answer of the defendant ad-

mitted he was the owner of the premises; denied that he made the lease or received the deposit; admitted the foreclosure of the mortgage and the sale of the premises; and denied the allegation of a demand of the money, and a refusal and conversion of the same.

The lease, which was under seal, was put in evidence, and appeared to have been made by one "D. A. Buckley, Agt." The fact that Buckley is described in the lease as agent, while the defendant was the actual owner of the property, and did receive the $500 on deposit notwithstanding the denial in his answer, and other facts which appear in the testimony, fully established that the lease was made on behalf of Sire, and I am unable to see why the plaintiff did not make out a case for the recovery of the $500.

The court below held that no action for the conversion of the $500 would lie. The complaint was not necessarily to be regarded as setting up a cause of action for conversion, for the statement that the plaintiff converted money to his own use might be disregarded, and the plaintiff was entitled to recover upon proof of the deposit, the breach of the covenants of the lease, and the refusal of the defendant to pay over the $500. Assuming, however, that the complaint was to be regarded as one in an action for conversion, the uncontradicted evidence showed that the defendant did convert the money. The $500 was deposited for a special purpose. The title did not pass to the defendant, and he was bound to hold the money and return it when the purpose for which it had been deposited had been answered. The mortgage existed at the time the lease was given, and when it was foreclosed, and the premises sold, there was a breach of the covenant for the quiet enjoyment of the premises, and the defendant was bound to return the money on demand. When he refused to do so, he was guilty of a conversion of the $500.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.