## D'APPUZO v. ALBRIGHT.

(City Court of New York, Trial Term. April 12, 1902.)

1. DEPOSIT BY TENANT—SECURITY FOR COVENANTS—DISPOSSESSION—RECOVERY OF BALANCE.

A tenant deposited money with his landlord under a lease which recited that the deposit was as security for the performance of the conditions of the lease, and that on breach of any of the covenants it should be forfeited as liquidated damages. *Held* that, having been dispossessed by summary proceedings because of nonpayment of rent, the

deposit would be regarded as a penalty, and the tenant might recover the deposit less the unpaid rent.

**2. SAME—DEMAND FOR DEPOSIT.**

In an action by a tenant to recover a deposit made with the landlord, less the rent unpaid at the dispossession, the complaint might be conformed to the proof by disregarding an allegation of conversion, and regarding the action as on contract, thereby relieving any necessity of proof of a demand for the balance of the deposit.

Action by Marie D'Appuzo against Florine A. Albright. Motion to set aside verdict for plaintiff and dismiss the complaint. Denied.

J. Palmiera, for plaintiff.

G. W. Albright, for defendant.

O'DWYER, J. The action is brought to recover the amount of a deposit made by a tenant with a landlord, less the amount of unpaid rent for which the tenant was dispossessed. The deposit was made under the terms of a lease which reads as follows:

"The said party of the first part hereby acknowledges the receipt of the party of the second part of the sum $800 as security for the performance by her of the covenants and conditions herein contained to be performed by her, which sum so deposited shall, if she fails to keep any of the covenants herein contained, or fails to pay the rent as herein provided for, be forfeited, and be and become the property of the said party of the first part as fixed and liquidated damages, together with such other and further relief as the said party of the first part shall be entitled to, and which sum so deposited shall, if the said party of the second part faithfully keeps and performs all the covenants and conditions herein contained to be performed by her, be applied for payment of the last two months of the term, and the balance, if any, the party of the first part will pay to the party of the second part upon the owner taking possession of the property."

The defendant claims that the money was deposited under the terms of the lease as liquidated damages, and not as a penalty, and became liquidated damages upon the tenant's failure to pay rent. Although the provision under the lease declares that upon the tenant's default the amount so deposited shall be forfeited, and be and become the property of the landlord as fixed and liquidated damages, it is clear that the money was deposited as security for the performance of the covenants of the lease, and as an indemnity for the tenant's failure to perform. The tenant having been dispossessed for nonpayment of rent, the lease came to an end, and the landlord's damages were then fixed and capable of ascertainment, and upon the trial of this case the only damage shown was the amount of the unpaid rent. No claim could be made for damages arising subsequent to the time when the tenant was dispossessed. The question in this case is whether the provisions of the lease were, by the terms of the instrument itself, made to survive the statutory effects of the issuance of a warrant in summary proceedings. If they were, the provisions as to liquidated damages will be given effect. Longobardi v. Yuliano (Sup.) 67 N. Y. Supp. 902. If not, only the actual damages will be allowed, and the balance will be awarded back to the tenant. There are no provisions in this lease indicative of any intention on the part of the parties to have the provision as to the deposit survive a removal by summary proceedings. The deposit was made as security for the faithful performance of the covenants of the lease, and when the lease was terminated by the act

of the landlord the landlord was entitled to retain only so much as would indemnify her for the loss sustained by reason of the breach of any covenant up to the time of plaintiff's eviction. She could not retain the whole of the deposit, because that provision of the lease was annulled, together with other provisions and covenants of the lease, by the issuance of the warrant in summary proceedings; and nothing is contained in the lease which makes this provision survive the issuance of a warrant. The rule applicable to cases of this character is well stated in 2 McAdam, Landl. & T. (3d Ed.) p. 961. Although provisions have been inserted in leases in the nature of covenants, whereby it is provided that money deposited by the tenant as security shall be returned to him at the expiration of the term, or credited upon the last month's rent of the term, "provided the tenant pays the rent called for by the lease and performs all the covenants thereof on his part," the courts have taken an equitable view of these provisions, and construed them in the nature of forfeitures, and have almost invariably required the money deposited to be returned after deducting therefrom sufficient to make the covenant good in dollars and cents. Again at page 963:

"Landlords desiring to avoid the adjudication that the phrase 'liquidated damages' in such a case means 'a penalty,' should insert in their leases a provision for reletting on the tenant's account in case of default in performance of the covenants on his part or of dispossession for nonpayment of rent, and in that manner the landlord, as well as the tenant, may be protected in the event of loss. This course cannot offend any equitable rule, for it gives full effect to the purpose of the deposit in making it go so far as possible towards full indemnification,—the very object which both parties must have had in mind when the covenant was made. If a vendee pays money on a contract of purchase, he cannot, if in default, recover it back. But in the case of a deposit of money by a tenant the courts hold that he may, though in default, recover the deposit back if he satisfies the damages up to the time of dispossession. This may seem anomalous, but it is because the equitable principle of avoiding forfeiture has been applied to the one case but not to the other."

See, also, Scott v. Montells, 109 N. Y. 1, 15 N. E. 729; Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358; Michaels v. Fishel, 51 App. Div. 274, 64 N. Y. Supp. 1007, affirmed in 169 N. Y. 381, 62 N. E. 425.

The only difference between the lease in question and the leases in the cases cited is that the words "fixed and liquidated damages" are added to the provision for security. Calling a penalty "fixed and liquidated damages" does not make it so.

The defendant further claims that no demand by the plaintiff upon the defendant for the return of the said deposits was proven. The failure to prove a demand in this case is not necessarily fatal to plaintiff's recovery. The allegation that the defendant converted money to her own use may be disregarded, and the action regarded as one on contract brought to recover the balance of the deposit due. The pleadings in that respect will be made to conform to the proof. Degnario v. Sire, 34 Misc. Rep. 163, 68 N. Y. Supp. 789.

Motion to set aside verdict and for a dismissal of the complaint denied. Thirty days' stay of execution after notice of entry of judgment; 30 days to make a case; 5 per cent. extra allowance to plaintiff.