(40 Misc. Rep. 236.)

## EGYPTIAN FLAG CIGARETTE CO. v. COMISKY.

(Supreme Court, Appellate Term.   March, 1903.)

**1. EVIDENCE—ADMISSIONS AT FORMER TRIAL.**
   Admissions made by a party to an action on a former trial are admissible against him on a second trial.

**2. SAME.**
   Admissions in a former trial may be proved by the stenographer's minutes as embodied in the return on the prior appeal, where the judge has certified that such minutes are correct.

**3. SAME.**
   Admissions in evidence on former trial may be proven by a person who heard them.

**4. NONSUIT.**
   Where plaintiff in a Municipal Court fails to prove his cause of action, he should be nonsuited, but it is error to render judgment for defendant.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Egyptian Flag Cigarette Company against Charles Comisky. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

P. Tillinghast (B. Benjamin Schiff, on the brief), for appellant.
Aaron Morris, for respondent.

GIEGERICH, J.   This case has been twice tried before the same justice, the last time on the 9th of October, 1902, and judgment was rendered on the 21st of October following in the following words: "Judgment for defendant.   Herman Bolte, Justice, October 21, 1902." The action was brought against the defendant as a marshal in the city of New York, to recover the sum of $90.50, a balance remaining in his hands realized from property levied on under an execution against the

¶ 1. See Evidence, vol. 20, Cent. Dig. § 739.

plaintiff in an action entitled "Solomon Emanuel against Egyptian Flag Cigarette Company," over and above the amount required to pay the said execution, which was for the sum of $69.50. On the last trial the plaintiff offered in evidence the summons in the action of Emanuel against the Egyptian Flag Cigarette Company, together with the judgment indorsed thereon for the sum of $69.50, which was admitted. The execution in that action on the judgment was also offered in evidence, and on the back thereof was the following indorse- ment: "The within execution satisfied. Charles Comisky." The plaintiff then offered in evidence certain portions of the stenographer's minutes of the previous trial contained in the return on the prior appeal to this court, and certified by the justice who tried the second action as well as the first to be correct. The portion of the testimony so offered was to the effect that the defendant, Comisky, was one of the marshals of the city of New York, duly appointed to act as such; that he was the marshal to whom the execution in the case of Emanuel against the cigarette company was issued, and that by virtue of that execution he levied upon the property of the cigarette company. The defendant objected to the introduction of the same in evidence upon the ground that it was immaterial, irrelevant, and incompetent, and upon the further ground that the minutes of the stenographer were the best evidence, which objection was sustained, and the plaintiff duly excepted to such ruling. The plaintiff then called the stenographer who took the minutes of the first trial, who testified that he was present thereat, and that the paper offered in evidence was a correct transcript of the minutes taken at the first trial by him. The plaintiff's counsel then took the stand, and offered to prove the admissions made by the defendant at the former trial of the case. To this defendant's counsel objected upon the ground that the same was irrelevant, incompetent, and hearsay. The court sustained the objection, and the plaintiff duly excepted thereto. Afterward judgment was rendered as before stated.

We think the court erred in excluding this evidence. The certificate of the judge who tried both cases to the correctness of the minutes offered made them clearly admissible, even without the testimony of the stenographer and plaintiff's counsel; much more after such testimony was given.

In Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. Supp. 995, it was said:

"In aid of their contention, the defendants' counsel offered plaintiff's cross-examination on a previous trial in evidence, to prove admissions by her as to whether or not she was ill or merely tired out, and also to prove her admissions as to her duties as an actress upon rehearsals. The court excluded the evidence unless the attention of the witness was first called to what she had testified to on the former trial. The defendants' counsel thereupon stated to the court that it was not for the purpose of impeaching the witness, but to prove admissions made by her. Still the court would not allow him to do so, and defendants' counsel excepted. It is well settled that an admission made at one stage of an action binds the parties at all subsequent stages, as primary evidence. The rule which makes it incumbent upon the cross-examining counsel first to direct the witness' attention with reasonable precision to, and interrogate him respecting, an alleged contradictory statement before the latter may be given in evidence, does not apply to parties to the action,

and as to them the alleged contradictory statement is admissible as a declaration against interest."

In the case of Reed v. McCord, 160 N. Y. 330, 341, 54 N. E. 737, 740, the rule is stated to be:

"In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made."

The same principle has been held in Stephens v. Vroman, 16 N. Y. 381; Owen v. Cawley, 36 N. Y. 600; Cook v. Barr, 44 N. Y. 156; McPhillips v. Railroad Co. (Com. Pl.) 14 N. Y. Supp. 928. In this case they were also admitted as declarations against interest.

We also think the judgment rendered is erroneous in that it directs judgment for the defendant. Chapter 580, p. 1561, of the Laws of 1902, § 248, provides: "Nonsuit; when authorized.—Judgment that the action be dismissed with costs, without prejudice to a new action, shall be rendered in the following cases: * * * (4) Where the plaintiff does not prove his cause of action." See, also, Kieffer v. Metropolitan St. R. Co., 31 Misc. Rep. 780, 65 N. Y. Supp. 228; Merkin v. Gersh, 30 Misc. Rep. 758, 63 N. Y. Supp. 75; Dennison v. Musgrave, 20 Misc. Rep. 678, 46 N. Y. Supp. 530. For these errors the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.