(53 Misc. Rep. 581) ·

ÆTNA LIFE INS. CO. v. DEPARQUET, HUOT & MONEUSE CO.

(Supreme Court, Appellate Term. April 10, 1907.)

1. EVIDENCE—COPIES—PROOF.

In an action for additional premiums on certain employer's liability policies, the policies were shown to have been destroyed. Plaintiff proved that it was the practice to issue policies according to applications submitted by the applicant, and that the original applications were sent from the office where the policies were issued to the home office in another state. The original applications were not produced on the trial, nor was there any evidence, by any one who had made a comparison, that either the alleged copies of the application retained in the office where the insurance was written or the alleged copies of the policies which were produced at the trial conformed to the original applications, etc., in the home office. *Held*, that the admission of the copies was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1593.]

2. COURTS—MUNICIPAL COURT—PRACTICE—DISMISSAL OF NONSUIT—FAILURE OF PROOF.

Where, in a suit in the Municipal Court, there was an entire failure to establish plaintiff's cause of action by legal proof, it was error for the court to give judgment absolute in favor of the defendant, instead of dismissing the action without prejudice to a new action, as required by Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248.

3. SAME—APPEAL—DISPOSITION OF CAUSE—JUDGMENT—MODIFICATION.

Where the Municipal Court, instead of rendering judgment absolute for defendants, should have dismissed the action without prejudice, the Supreme Court on appeal had power to so modify the judgment, under Municipal Court Act, Laws 1902, p. 1582, c. 580, § 326. providing that the appellate court shall render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Ætna Life Insurance Company against the Deparquet, Huot & Moneuse Company. From a Municipal Court judgment in favor of defendant after trial without a jury, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Winter & Winter, for appellant.

Hollander & Bernheimer (Clarence G. Bernheimer, of counsel), for respondent.

GIEGERICH, J. The action is brought for additional premiums alleged to be due on three policies of insurance, by which the plaintiff insured the defendant against liability for damages on account of injuries suffered by employés or others during the terms of said policies. The premium paid was based upon an assumed aggregate compensation which it was calculated would be paid to the employé during the period. The policies contained a further provision that, if the compensation actually paid should exceed the sum estimated, then the assured should pay an additional premium, while, if less, the company would return a portion of the premium. The action is brought upon the theory and upon the claim that the compensation actually paid greatly exceeded the amount estimated as the basis for the premium which the company received at the time the policies were issued.

There was a sharp issue upon the trial as to what employés were covered by the policies and as to what was embraced under the word "compensation" used in the policies—whether the compensation of officers and the office staff and the like, or whether only outside employés. This issue was presented in the pleadings, as well as litigated upon the trial. It therefore became important that the exact forms of the policies should be before the court. Upon the trial it was stated by the defendant's counsel, in response to a notice to produce the policies of insurance in suit, that the originals had been destroyed by the defendant after the expiration of the periods specified in them. The plaintiff produced what it claims were copies. Its own witness, Phelan, stated that it was the practice of the company to issue policies according to the applications submitted by the one seeking insurance, and that the original applications were sent on from the New York office, from which these policies were issued, to the home office of the company at Hartford. These original· applications were not produced upon the trial, nor was there evidence by any one who had made a comparison that either the alleged copies of the applications retained in New York or the alleged copies of the policies which were produced at the trial conformed to the original applications in Hartford. In the absence of these prerequisites, the admission of these papers in evidence was unwarranted (Nichols v. Kingdom Iron Ore Company, 56 N. Y. 618); and, as proof of the plaintiff's cause of action rested entirely upon them, there was thus no legal proof of the same.

, In this view, the justice should have rendered judgment that the action be dismissed without prejudice to a new action (Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248); but, instead of doing so, he gave judgment absolute in favor of the defendant. This he clearly had no right to do, and, since we must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits (Municipal Court Act, Laws 1902, p. 1583, c. 580, § 326), we think that the judgment should be modified, by directing that the dismissal be without prejudice to a new action, and affirmed, as so modified, without costs of this appeal to either party.

Judgment modified, by directing that the dismissal be without prejudice to a new action, and, as modified, affirmed, without costs of this appeal to either party. All concur.