(121 App. Div. 521.)

### KEUTHEN v. STACHE.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. INSURANCE—LLOYDS POLICY—ASSOCIATIONS—MEMBERSHIP.
     In an action to recover a portion of a loss under a Lloyds policy from defendant, evidence *held* insufficient to prove defendant's connection with the association.

2. DISMISSAL—DISMISSAL ON THE MERITS.
     Where plaintiff suffered a dismissal because of lack of proof, and he might be able on a new trial to supply the proof necessary to entitle him to recover, the judgment of dismissal should not be "on the merits," but "without prejudice to a new action."

Appeal from Municipal Court of New York.

Action by August Keuthen against Ernest G. Stache. From a Municipal Court judgment dismissing the complaint on the merits, plaintiff appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William Otis Badger, Jr., for appellant.
De Witt Bailey, for respondent.

HIRSCHBERG, P. J. I think the plaintiff failed to make proof sufficient to establish his cause of action. The suit was brought to recover on two policies of insurance issued by a certain Lloyds association, known as the Fidelity Insurance Association of New York,

of which it is alleged the defendant is an underwriter. The complaint alleges that the manager of said association is a company organized under the name of the Fidelity Surety Company, to which had been given a written power of attorney, by which each of the underwriters authorized the company to carry on the business of fire insurance for them. The complaint further alleges that the said company was, at the time of issuing the policies in suit and for a long time before and after, the general manager and attorney in fact of each and all of said underwriters, referring, however, to the original of the power of attorney to be produced upon the trial for its precise terms. The complaint sets forth the issuing of the policies, the happening of the loss, the amount of the loss, and an allegation that the defendant's liability is $1/32$ of such loss. The complaint further alleges that the policies of insurance in question contain a provision as follows:

"It is agreed between the assured and the underwriters herein that, in the event of any suit to recover any claim hereunder, service shall be made upon the Fidelity Surety Company with the same force as if made upon all such underwriters; and it is hereby agreed by the undersigned that any judgment rendered in such suit shall be binding upon the underwriters hereunder as provided by the present terms of the power of attorney herein referred to, which limits the liability of each underwriter."

The complaint further alleges that an action was brought against the Fidelity Surety Company, and a judgment recovered for the amount of the loss. The answer is a general denial. On the trial the plaintiff placed in evidence the judgment roll and the policies of insurance. The power of attorney was not produced, nor was any evidence given of its contents  It was admitted, however, that the defendant's name does not appear on it, nor does it appear in the policies of insurance. In other words, it is apparently conceded by the plaintiff that the defendant did not sign any authorization to the Fidelity Surety Company, empowering it, so far as he was concerned, to act as manager in the conduct of the insurance business, so as to be binding upon him. The only evidence in the case tending to connect him with the Fidelity Surety Company at all is that of a witness to the effect that he (the witness) told the defendant that he had been requested by the treasurer of the company to get underwriting subscriptions; that the defendant consented to take $3,000 and pay 10 per cent. of that amount in cash; and that he did pay the cash, and that he gave his promissory note for the balance, payable to the company. No evidence was given tending to prove that the witness was authorized by the company to solicit or procure subscriptions, or that the officers of the company were cognizant of his acts, or that the cash and promissory note were ever received by the company. No proof was made that the Lloyds association was ever organized or incorporated, or that the defendant was ever in any way connected with it. Nor was any proof given tending to establish the extent of the defendant's liability, assuming that he was one of the underwriters.

The appellant insists that the action is not brought, strictly speaking, upon the policies of insurance, but that it is brought upon the agreement of the defendant to be bound by the judgment against the Fidelity Surety Company. The claim would probably be tenable, if the

defendant's liability as an underwriter had been established. See Conant v. Jones, 50 App. Div. 336, 64 N. Y. Supp. 189. The theory of the liability in such a case is that the defendant has agreed to be bound by the result of an action against another party, and thereby puts himself in privity with that party; but it is essential that the agreement should be proven.

I think, however, that the court erred in dismissing the complaint upon the merits. The plaintiff may supply upon a new trial proof sufficient to entitle him to recover a judgment against the defendant, and the dismissal, therefore, should have been for lack of proof. Hoey v. Met. St. R. Co., 70 App. Div. 60, 74 N. Y. Supp. 1113; Levy v. Grove Mills Paper Co., 80 App. Div. 384, 80 N. Y. Supp. 730; Bowen v. Farley, 113 App. Div. 767, 99 N. Y. Supp. 205; Crecelius v. City of New York, 114 App. Div. 801, 100 N. Y. Supp. 314.

The judgment should be modified, by substituting for the words "upon the merits" the words "without prejudice to a new action," and, as modified, affirmed, without costs. All concur.