## BERLIN v. WEIR.

(Supreme Court, Appellate Term. March 5, 1908.)

1. TRIAL—NONSUIT—MOTION FOR—CONSTRUCTION OF PROOF.

For the purpose of ruling on a motion for a nonsuit, the evidence must be taken favorably to plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 374.]

2. SAME.

Where plaintiff's testimony alone was produced, and it was so far infirmed by the probabilities of the case as to warrant the trial court in

declining to find for him, and defendant rested without proof, judgment upon the merits, and not a nonsuit, was proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 360.]

3. Appeal—Records—Opinions of Municipal Justice—No Part of Record. .
The opinion of the justice of the Municipal Court is not such part of the record that it may be used to reverse an apparently correct judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2339.]

4. Judgment—Nonsuit—Prejudice to New Action.
Municipal Court Act, Laws 1902, p. 1561, c. 580, § 248, authorizing a nonsuit when plaintiff does not prove his cause of action, does not require a judgment for defendant to be without prejudice to a new action merely because defendant rests upon plaintiff's proofs.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Solomon Berlin against Levi C. Weir, president of the Adams Express Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF .and MacLEAN, JJ.

Bernhard Ginzburg, for appellant.

Cravath, Henderson & De Gersdorff (Edward V. Conwell, of counsel), for respondent.

BISCHOFF, J. When the plaintiff rested, the proof, taken in the favorable aspect, which was the measure of its sufficiency for the purpose of a ruling upon motion for a nonsuit, made out a prima facie case of delivery to the defendant of the package in question; but this same evidence, when weighed with the probabilities, for the purposes of a determination upon the merits, if no other proof was offered for either party, was not necessarily enough to lead to a recovery. The plaintiff's testimony alone was produced, and was so far infirmed by the probabilities of the case as to have justified the trial court in declining to base a favorable decision upon it. When the defendant rested, then, without giving evidence, the record did not call for a nonsuit, nor was that result one which could be upheld; but a judgment for the defendant upon the merits was quite authorized. Nothing in the record negatives the theory that the judgment rendered was upon the merits. The opinion of the justice is not a part of the record, which may be used for the purpose of reversing an apparently correct judgment; and, indeed, the opinion which is annexed to the return, while referring to a "dismissal" for "failure of proof," discloses that the justice did weigh the evidence, as it was his duty to do, when both sides rested. The cases referred to by counsel (Egyptian Co. v. Comisky, 40 Misc. Rep. 236, 81 N. Y. Supp. 673; Degnario v. Sire, 34 Misc. Rep. 163, 68 N. Y. Supp. 789) certainly do not hold that, where the defendant rests upon the plaintiff's proofs, a judgment for the defendant must be without prejudice to a

new action; and section 248 of the Municipal Court act (Laws 1902, 1561, c. 580) bears no such construction.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). The plaintiff, testifying that on November 6, 1906, in Harrisburg, Pa., he delivered a package, containing old gold and silver, and addressed to himself, to a passer-by, a driver who had "Adams Express Company" on his cap, the same name being on his wagon, and that the driver gave him a receipt and put the package into the wagon; that he lost the receipt, but got a copy from a man behind the counter of an office in Harrisburg, on the window of which was "Adams Express Company, in big letters," a copy, introduced in evidence, on a partly printed form, apparently of that company, bearing date of November 6, 1906, and addressed to S. Berlin, from Harrisburg to New York, established, it would seem, a prima facie case, because counsel conceded the value of the package, provided its delivery was proven. The defendant, resting without the introduction of any evidence in refutation, was not entitled to a nonsuit; much less a judgment upon the merits.

The judgment should therefore be reversed, and ordered back for a new trial.