### HYMAN v. NEW YORK MORTGAGE & SECURITY CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. TRIAL (§ 165*)—DISMISSAL—MOTIONS—DISMISSAL ON MERITS.
   The court, on a motion by defendant at the close of plaintiff's case to dismiss the complaint on the ground that plaintiff has not made out a cause of action, cannot dismiss the complaint on the merits.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 373; Dec. Dig. § 165.*]

2. CONTRACTS (§ 194*)—CONSTRUCTION.
   A contract binding one to advance money to another, provided the latter erected buildings in accordance with plans and specifications which were satisfactory to the former and which had been approved by the bureau of buildings of the city, did not give the former the right to repudiate the contract because the buildings erected were not satisfactory to him, provided the buildings were in accordance with the plans and specifications.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 194.*]

Appeal from Trial Term, Kings County.

Action by Jacob Hyman against the New York Mortgage & Security Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Nathaniel Tonkin, for appellant.
Charles C. Suffren, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. At the close of the plaintiff's evidence a motion was made by the defendant to dismiss the complaint, upon the ground that the plaintiff had not made out a cause of action, whereupon the court permitted the plaintiff to open his case and introduce further evidence. While plaintiff's attorney was examining a witness, the learned trial justice of his own motion discharged the jury, took the case under advisement, and subsequently dismissed the complaint on the merits. No evidence was given by the defendant, no motion for a dismissal of the complaint upon the merits was made, and the action was not submitted to the trial court for decision upon the merits. The only motion before it was for a nonsuit, and the dismissal of the complaint upon the merits was erroneous. Ware v. Dos Passos, 162 N. Y. 281, 56 N. E. 742; Keuthen v. Stache, 121 App. Div. 521, 106 N. Y. Supp. 198; Crecelius v. City of New York, 114 App. Div. 801, 100 N. Y. Supp. 314.

I do not think that the learned trial justice would have been justified in granting a nonsuit upon the merits. The action was brought to recover a balance of $2,500, which it was alleged the defendant agreed to advance to the plaintiff, upon bonds and mortgage of $2,750 each, upon five separate parcels of ground, upon each of which a building was to be erected or was in process of erection. These five bonds and mortgages had been executed and delivered to the defendant. The five buildings had been erected in conformity with plans and specifications, and during their erection the defendant had made advances according to the terms of its contract. After their completion the plaintiff sold them, subject to the mortgages held by the defendant. When plaintiff demanded the last payment of $500 on each parcel, the defendant refused payment upon the ground that the buildings were not satisfactory to the company and not constructed just as it wanted them. The only indication of the ground upon which the trial court acted in dismissing the complaint is contained in a statement made upon the argument for a nonsuit, as follows:

"They had the right to say they would not advance him any more money, under the agreement. I don't think you have established a prima facie cause of action."

The only provision in which the satisfaction of the defendant is a factor appears in the ninth subdivision of the seventh section, which is as follows:

"If the applicant does not erect said buildings in accordance with plans and specifications which are satisfactory to the party of the second part, and which have been approved by the bureau of buildings for the borough of Brooklyn."

This provision does not secure to the defendant the right to repudiate its contract if the buildings erected were not satisfactory to it. If they were erected in accordance with plans and specifications which were satisfactory to the defendant and had been approved by the bureau of buildings, the defendant had no cause for complaint. The evidence established the existence of plans and specifications, that the buildings had been erected in conformity therewith, and that the defendant had knowledge of such construction. This was sufficient to

entitle the plaintiff to go to the jury. Upon the evidence a nonsuit cannot be justified.

The judgment must be reversed, and a new trial granted; costs to abide the event.

GAYNOR, J. (concurring in the result). When the motion to dismiss had been made, and permission had been given to the plaintiff to put in further evidence, the learned trial justice said to the counsel for the plaintiff: "The particular point in question is under the 9th subdivision of paragraph 7," viz., of the contract for the making of the building loan by installments as the work progressed. That subdivision is the usual one in such contracts, viz., that the defendant should not be obliged to pay the money at any stage if the plaintiff should not erect the buildings in accordance with the plans and specifications on file in the building department. The allegation of the complaint that the buildings had been completed is denied by the answer, and up to the time of the motion for a non-suit no evidence had been given of their completion according to the plans and specifications. It was therefore in order for a non-suit to be granted. But mingled with the loose and irrelevant evidence given after the case had been reopened is the following bald sentence by the plaintiff:

"I completed these houses in accordance with the plans and specifications."

This was the pivotal issue, and this meager evidence upon it came so late, when it was in order first of all, and indeed was about the only thing the plaintiff had to prove by oral evidence, and was mixed up with such a mass of irrelevancies, that the learned trial justice is quite excused for having overlooked it. Or he may have regarded it as a mere statement of a conclusion, which is never probative; but it was a little more than that, and made out a prima facie case which called upon the defendant to show the exact particulars in which the contract was not complied with. No claim was made that the test was that the buildings should be completed to the satisfaction of the defendant, and the dismissal was not on that ground. No one seems to have thought of such a thing.

WOODWARD, JENKS, and HOOKER, JJ., concur in both opinions.