ARCHBOLD v. JOLINE et al.

YOUNG v. SAME.

(Supreme Court, Appellate Term.   January 15, 1909.)

1. WITNESSES (§ 392*)—CONTRADICTION—EVIDENCE.
   It was improper to exclude, on a general objection to its materiality and competency, a written statement made by a witness before the trial, offered to contradict his testimony, though part of the statement did not tend to impeach the witness.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1249; Dec. Dig. § 392.*]

2. APPEAL AND ERROR (§ 1031*)—REVIEW—PRESUMPTIONS—PREJUDICIAL ERROR.
   Where a statement erroneously excluded from evidence is not in the record, the appellate court cannot say that the complaining party was not prejudiced by the error.
   [Ed Note.—For other cases, see Appeal and Error, Cent. Dig. § 4041; Dec. Dig. § 1031.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Actions by James J. Archbold and by Johanna Young against Adrian N. Joline and another, as receivers. From judgments for plaintiffs, defendants appeal. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Anthony J. Ernest, for appellants.
Frederick M. Harris, for respondents.

PER CURIAM. The first action above named is to recover damages for injury to plaintiff's truck, and the second action above named is to recover damages for losses caused by personal injuries to plaintiff's infant son, the driver of the truck. These actions were tried together, and the plaintiff in each action recovered a judgment. Defendants appeal.

The testimony of plaintiffs shows substantially as follows: On November 19, 1907, about 1 o'clock at night, the son of plaintiff Young was driving a truck of plaintiff Archbold westerly through Mail street, which is a sort of continuation of Park Place; the latter street beginning a little to the south of the ending of the former street, towards Broadway. When the wagon got within five feet of the first track on Broadway, the driver looked up and down, and saw a north-bound car of defendants a block or nearly a block away. He started to cross, and, when the horses were on the uptown or first track, he looked again, and saw the car in the middle of the block. He continued to cross, and, when his horses reached the second or downtown track, the car was four feet from him, and it struck the wagon, which had not yet crossed the first track, and caused the injuries complained of.

We should not be disposed to interfere with the findings of the jury, were it not for certain errors in the rulings of the court, which may have had an effect upon the jury prejudicial to the defendants. De-

fendants sought to impeach a material witness for plaintiffs by showing substantial contradictions between his testimony on the trial and allegations made by him in a written statement signed by him previous to the trial; but the court refused to permit the statement to be received in evidence, and it is not annexed to the record. It is true that, apparently, much of the statement was worked into the evidence in the form of questions and answers on cross-examination, and such extracts from the statement indicate that it was in many respects contradictory of material testimony of the witness at the trial. It was, therefore, erroneous to exclude the statement altogether on the general objection to its materiality and competency, even if there was some of it that did not tend to impeach the witness. Hanlon v. Ehrich, 178 N. Y. 474, 71 N. E. 12; Flag Co. v. Comisky, 40 Misc. Rep. 236, 81 N. Y. Supp. 673. As we have not the statement before us, we cannot say that defendants were not prejudiced by its rejection; and, although the result might have been the same, there is no legal rule by which we can so determine. Romertze v. East River Nat. Bank, 49 N. Y. 577. There are other errors, which, however, do not require discussion, as the judgment must be reversed for the error above stated.

Judgments reversed, and new trials ordered, with costs to appellants to abide the event.