### PHILIP HANO & CO. v. HELLER.

(Supreme Court, Appellate Term. May 24, 1910.)

1. COURTS (§ 189*)—MUNICIPAL COURT—DISMISSAL WITHOUT PREJUDICE.

Under Municipal Court Act (Laws 1902, c. 580) § 248, subd. 4, providing that judgment of dismissal without prejudice shall be rendered where the plaintiff does not prove his case, judgment absolute could not be given for defendant, where plaintiff rested, having failed to prove its cause of action.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 189*)—MUNICIPAL COURT—DISMISSAL ON THE MERITS.

Under Municipal Court Act (Laws 1902, c. 580) § 249, subd. 1, providing that a judgment of dismissal on the merits may be rendered where, at the close of the whole case, the court is of the opinion that plaintiff could not recover as a matter of law, a judgment absolute could not be given for defendant, where plaintiff rested, having failed to prove its cause of action, and defendant had not introduced any evidence, or had not rested his case without introducing evidence.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Philip Hano & Co. against Max Heller. Judgment for defendant, and plaintiffs appeal. Modified and affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Louis E. Felix, for appellants.
Moses Cohen, for respondent.

PAGE, J. The plaintiffs rested, having failed to prove its cause of action, and judgment absolute was given for the defendant against the plaintiffs. The judgment should have been directed dismissing the complaint without prejudice to a new action. Municipal Court Act (Laws 1902, c. 580) § 248, subd. 4; Ætna Life Ins. Co. v. Duparquet H. & M. Co., 53 Misc. Rep. 581, 103 N. Y. Supp. 800; Egyptian Flag Cigarette Co. v. Comisky, 40 Misc. Rep. 236, 81 N. Y. Supp. 673; Kieffer v. Met. St. Ry. Co., 31 Misc. Rep. 780, 65 N. Y. Supp. 228; Merkin v. Gersh, 30 Misc. Rep. 758, 63 N. Y. Supp. 75. There is no merit in respondent's contention that this judgment was authorized if the court believed that the plaintiffs could not recover as a matter of law. As shown by the authority he cites, Bowen v. Farley, 113 App. Div. 767, 99 N. Y. Supp. 205, such judgment is only authorized "where, at the close of the whole case, the court is of opinion that the plaintiff is not entitled to recover as a matter of law." Municipal Court Act, § 249, subd. 1. Had defendant introduced any evidence, or rested his case without introducing evidence, there would have been some merit in his position. There were no errors committed on the trial that require a reversal of the judgment. Therefore the judgment should be modified, by directing that the complaint be dismissed, with costs, without prejudice to a new action, and, as modified, affirmed, without costs of this appeal to either party. All concur.