CRAWFORD v. GENERAL STORAGE & TRANSFER CO.

(Supreme Court, Appellate Term.   May 4, 1911.)

1. EVIDENCE (§ 113*)—LOSS OF GOODS—VALUE.
> Where plaintiff, a truckman, claimed to have stored a wagon and goods in defendant's livery stable for compensation, and that some of the goods were lost through defendant's negligence, evidence of the amount plaintiff was required to pay to the consignee of the goods was incompetent to show the value of the goods, as against defendant.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–284; Dec. Dig. § 113.*]

2. TRIAL (§ 169*)—FAILURE OF PROOF.
> Where there is a failure of proof, a court may not direct a verdict for defendant, but is only authorized to dismiss without prejudice.
>
> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 381–389; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Hannah Crawford against General Storage & Transfer Company.   From a Municipal Court judgment for defendant, plaintiff appeals.   Modified and affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Ralph James M. Bullowa, for appellant.
George Ryall (Horace Graves, of counsel), for respondent.

LEHMAN, J.   Plaintiff is engaged in the business of trucking. She claims that she stored her wagon and goods in defendant's livery stable for compensation, and that some of the goods were lost through defendant's negligence.   The testimony produced by the plaintiff is so vague that no possible inference can be drawn from it that the goods were intrusted to the defendant as bailee for hire, or that they were lost through defendant's negligence.   In fact, except for the allegations in the complaint, it would be impossible even to guess what the claim of the plaintiff is based upon.

[1] Moreover, there is no evidence of value; for the witnesses conceded that they did not know what the case contained, and the trial justice properly excluded evidence of the amount which the plaintiff has paid to the consignee of the goods to settle his claim against her.

[2] There was a complete failure of proof, and the trial justice should have dismissed the complaint at the close of the plaintiff's case. The defendant put in no evidence, but rested on the plaintiff's case. The trial justice thereupon directed a verdict, on the ground that the plaintiff failed to prove her cause of action.   There is no power in the court to direct a verdict for the defendant upon the plaintiff's failure of proof.   In such a case the judgment must be for a dismissal without prejudice.   Ætna Life Insurance Co. v. Duparquet, 53 Misc. Rep. 581, 103 N. Y. Supp. 800; Keuthen v. Stacke, 121 App. Div. 521, 106 N. Y. Supp. 198; Bowen v. Farley, 113 App. Div. 767, 99 N. Y. Supp. 205.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judgment modified, by directing that the complaint be dismissed without prejudice to a new. action, and, as modified, affirmed, without costs of this appeal to either party. All concur.