LEVINE et al. v. PUBLIC BANK OF NEW YORK.

(Supreme Court, Appellate Term.  December 22, 1911.)

COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) § 248, requiring judgment without prejudice when plaintiff fails to prove his cause of action, judgment absolute for defendant in such case is improper.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*].

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Edward Levine and another against the Public Bank of New York.  Judgment for defendant, and plaintiffs appeal.  Modified and affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Norbert Blank, for appellants.

Henry Fluegelman, for respondent.

PER CURIAM.  At the close of the plaintiffs'. case the defendant rested, without presenting any evidence.  The trial justice then stated:

"You have not proven the amount claimed to be due, that I can see.  The relations of debtor and creditor have not been established, and there is no proof of any proper demand."

We agree with the learned trial justice that there is a failure of proof on the part of the depositor of the balance due, and also of any proper demand upon the bank for that balance.

"Judgment that the action be dismissed with costs without prejudice to a new action shall be rendered in the following cases: * * * (4) Where the plaintiff does not prove his cause of action."  Section 248, Municipal Court Act (Laws 1902, c. 580).

The trial justice had no authority to give judgment absolute for defendant.  Egyptian Flag Cigarette Co. v. Comiskey, 40 Misc. Rep. 236, 81 N. Y. Supp. 673.

Judgment modified, by providing that the words "without prejudice to a new action" shall be inserted therein, and, as thus modified, affirmed, with costs to the respondent.