The People of the State of New York, Plaintiff, *v.* N. W. 5th Ave. & 27th St. Corporation and Another, Defendants.

Court of General Sessions, New York County, December 1, 1932.

*Thomas C. T. Crain, District Attorney, William Maloney* and *Harold W. Hastings, Assistant District Attorneys,* for the plaintiff.

*S. Schack,* for the defendants.

Freschi, J. The defendants are indicted for grand larceny in the first degree in that they allegedly took and unlawfully permanently converted to their own use a certain sum of money deposited with them under and by virtue of the provisions of a written lease made by and between them, as landlords, and the complainant herein, as tenant of the premises described in such lease.

The lease contains, among others, the following article which forms the basis of this prosecution:

" 15th. The Tenant has this day deposited with the Landlord the sum of Six Hundred ($600) Dollars as security for the full and faithful performance by the Tenant of all of the terms and conditions upon the Tenant's part to be performed, which said sum shall be returned to the Tenant after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of the terms, covenants and conditions on his part to be performed. Security to bear interest at the rate of 4% per annum payable annually."

A motion is now made by the defendants, based on the minutes of the grand jury, to dismiss the indictment upon the ground that the evidence adduced before that body does not constitute a crime.

The questions presented in this motion have arisen in a number of instances and more recently in civil cases. They have been the subject of frequent editorial discussion, comment and opinion. (See editorials, N. Y. L. J. July 27, 1932, July 28, 1932, and " Correspondence " on editorial page of the N. Y. L. J., July 30, 1932.) They are of such vast importance to magistrates, trial courts, prosecutors, the bar generally, as well as to the parties to leaseholds, that the learned district attorney now presents th s as a test case and seeks an appellate court decision in order to avoid the confusion that has arisen and to settle finally the difference of opinion which seems to prevail in this class of cases. (See cases cited below.)

The primary question here is whether the relation created between the parties to the lease under such a clause (supra) is merely that of debtor and creditor in so far as the deposit is concerned, or whether the relationship is one of a fiduciary character. If the former, obviously, a criminal prosecution cannot successfully be maintained and the parties must be relegated to their civil remedies, which might involve an issue as to an alleged breach of the agreement by the tenant; whereas, if the landlord should be held to be a trustee or bailee or other fiduciary he may in a proper case be brought within the purview of section 1290 of the Penal Law, provided proof of criminal intent be adduced.

I have examined a number of cases affecting the points presented in this matter.

Friedman v. Isaacs (232 N. Y. Supp. 545) and Goodman v. Schached (144 Misc. 905) are recent decisions which sustain the view that, in the absence of express language, a debtor-creditor relationship is established, thus obviously precluding any criminal liability. (See, also, 36 C. J. 296, 298, 303.)

On the other hand, the following cases: Degnario v. Sire (34 Misc. 163); Alumor Garage v. Stires (128 id. 400); Matter of Atlas (217 App. Div. 38); Assembly, Inc., v. Giller (134 id. 657); Frost v. Paulster Realty Corp. (138 id. 597); Euclid Holding Co. v. Kermacoe Realty, Inc. (131 id. 466), as well as Green v. Frahm (176 Cal. 259; 168 Pac. 114); Kaufman v. Williams (92 N. J. L. 182; 104 Atl. 202); Colantuoni v. Balene (95 N. J. Law, 548; 123 id. 541), are all generally in accord that a deposit given as security under a lease results in either a trustee relationship, a bailor-bailee relationship or that of pledgor-pledgee, regardless of the fact that interest is to be paid by the lessor. In fact, this item

concerning interest provides a basis for the proposition that the sum deposited need not be kept intact and separate, but can be invested by the landlord much as a trustee can invest trust funds. (See, also, *People* v. *Meadows*, 136 App. Div. 226.)

Of course, it must be kept in mind that the intent of the parties as stated in their written agreement must be conclusive as to the relationship between them, provided any express language or language which necessarily justifies an inference of particular intendment, is therein found. I refer especially to the recent decision of *Mendelson, Silverman, Inc.,* v. *Nalco Trading Corp,* (N. Y. L. J. Aug. 6, 1932, Sup. Ct. App. Term, 2d Dept.).

In *People* v. *Horowitz* (138 Misc. 794) a ruling is made by a magistrate in one of our lower courts holding that, notwithstanding the fact that a fiduciary relationship may be found to exist, still no criminal liability should be imposed because sections 1290 and 1302 of the Penal Law were never intended to cover this particular situation.

In *People* v. *Epstein* (245 N. Y. 234, at p. 243) the court said, in interpreting section 1290 of the Penal Law: " We think that the Legislature, in using the word ' trustee ' in the section quoted, meant none other than a person in whom a trust or confidence had voluntarily been imposed and by whom it had voluntarily been accepted; that it did not intend thereby a person who might be declared by a court of equity to be a trustee *ex maleficio* or a trustee *in invitum.*"

It has been argued with much force that while in civil cases a gradual elevation of standard has been required of lessors, it should not be carried over into the criminal law, thus enlarging upon the class of persons punishable under the above-mentioned sections of the Penal Law, and that section 1302-a of the Penal Law is a legislative indication that section 1290 of the Penal Law does not cover a case like the one at bar. These are, indeed, important considerations. However, this is still a much mooted question and it would seem desirable to have the highest courts pass upon it, thus settling the present controversy and establishing a definite rule by which interested parties may be guided.

This decision is thus rendered in order to facilitate an appeal by the People of the State of New York, and it is recommended that a review of the points here involved be had at the earliest possible opportunity.

The motion to dismiss the indictment is granted as to both defendants and the defendant Medina is discharged.

Ordered accordingly.