THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SARAH EISENBERG KLINGER, Defendant.

Court of General Sessions of County of New York, January 10, 1938.

William Copeland Dodge, District Attorney [Frederick A. Sperling, Assistant District Attorney, of counsel], for the plaintiff.

Lind, Shlivek, Marks & Brin, for the defendant.

FRESCHI, J. A motion to inspect the grand jury minutes is presented by the defendant, and she prays that upon such inspection the indictment be dismissed for lack of sufficient evidence.

The indictment charges grand larceny of $650 in two counts, first, common-law larceny; and, second, larceny by a bailee or trustee, in violation of section 1290 of the Penal Law.

The motion papers, as well as the testimony taken by the magistrate (See People v. Klinger, 164 Misc. 530) and that before the grand jury show that the prosecution charges the defendant with the felonious conversion or embezzlement, upon the expiration of a lease, of the moneys deposited as security for the performance of the conditions of such lease, made by the Klinger & Company, Inc., of which the defendant is the treasurer, to the complainant, who claims he has become entitled to the return of his deposit at the end of the term for which it was given, he having fully complied with all the conditions of said lease.

There is no count in the indictment charging a violation of section 1302-a of the Penal Law (Laws of 1933, chap. 571), which makes it a misdemeanor for a landlord to fail to turn over deposits made by a tenant.

If any crime was here committed it is larceny by the defendant as a trustee or bailee. She contends, however, that by express covenant in the lease the security so deposited shall not be regarded as a trust fund, and that the relationship between the landlord and tenant shall be that of debtor and creditor only. The Real Property Law (§ 233) provides that a deposit is a trust fund. The enactment of this statute in 1935 was undoubtedly to meet the decisions in People v. N. W. 5th Avenue & 27th Street Corp. (145 Misc. 778; affd., 239 App. Div. 773) and People v. Horowitz (138

Misc. 794). Thus by operation of law we have a trust fund in the possession of the person with whom such deposit shall be made, and it shall not be mingled with other funds or become an asset of such trustee. The concluding sentence of the statute is that " any provision of such contract, for a term not exceeding two years, whereby a person who so deposits or advances money waives any provision of this section is absolutely void."

Embezzlement or misappropriation of trust funds by a trustee or bailee is larceny under section 1290 of the Penal Law. (*People* v. *Shears*, 158 App. Div. 577.) The term " trustee," heretofore given a narrow meaning (See *People* v. *Epstein*, 245 N. Y. 234), has been enlarged by the statute *supra*.

The defendant concedes the possession of the money and her refusal to return it to the lessee. On behalf of her company she claims the right to apply it against an alleged claim for damages resulting from a breached collateral and independent agreement between the parties, which is disputed by the complainant. The defendant testified on this subject before the grand jury, and her credibility was passed upon by the jurors, who ordered the indictment filed. Nevertheless, the issues involved raise questions of fact, all of which must necessarily be considered in determining the question of defendant's intent. There is no doubt that she makes open and avowed claim to the money in question; but whether she does so in good faith is a matter for a trial court; and in the same manner it must be determined in the light of all the evidence, whether she has aided and abetted in acting for the corporation in the withholding, allegedly unlawfully, such moneys. Whether a fraud or unlawful withholding was intended must be decided from all the surrounding circumstances, including the provisions of the written lease, and whether the claimed setoff is an honest one, made under a firm belief of rightful title, even though by a mistaken notion of the law, presents a question of fact. The use of the peculiar phraseology in the lease regarding the contractual relationship of the parties denotes the defendant's appreciation of the responsibility of landlords as to the return of deposits (See *Matter of Atlas*, 217 App. Div. 38); and it may be argued that it indicates that the sum intrusted to the defendant's company was not to be used as security for any other purpose than performance of the lease and not as a setoff to secure the payment of liquidated or unliquidated damages arising outside the lease by virtue of the conduct of the complainant in other matters. What a person's intent is in a case where the diversion of trust funds by a trustee is concerned is always a question or matter of fact; and a criminal intent may be estab-

lished beyond a reasonable doubt before a conviction would be justified (See *People* v. *Paterno*, 249 App. Div. 732, which dealt with the crime of unlawfully failing as landlord to turn over a deposit made by a tenant, reversing a conviction in the Court of Special Sessions), or else the court will direct an acquittal. Any use of the deposit contrary to the terms of the lease, or any retention thereof, after the need for the security has ended, constitutes a circumstance important in the determination of what the intent of the landlord was, under a charge of conversion for which the landlord will be held to strict accountability.

The grand jury proceedings should be secret, and only where facts clearly warrant it ought there to be an inspection granted a defendant. The court must not speculate with reference to claims and contentions in moving papers upon applications for such relief; but it is incumbent upon the defendant, who has the burden in this regard, to make out affirmatively a sufficiently strong case to warrant an attack against the presumed legality of the indictment. The test is not whether the granting of such a motion would result in no possible harm or prejudice to the People, as is here urged by the moving party. In recent years a practice, that should be discouraged, seems to have grown up on motions of this kind. Where papers presented for orders of inspection of grand jury minutes are insufficient, the district attorney has at times seen fit to submit the minutes to the court for examination, probably upon the assumption that if the testimony adduced before the grand jury made out a *prima facie* case, then the motion would be denied; otherwise the application would be granted. This practice may be useful and should be adopted only when the case is doubtful and there is no objection to the reading of the minutes by the court as an aid to its conscience in passing upon the application. The grand jury proceedings have been examined here and found to warrant the finding of the indictment.

Motion denied accordingly.